## COMMONWEALTH vs. ELTRA D. DEBERRY.

No. 00-P-1425.

Plymouth. February 15, 2002. - January 15, 2003.

Present: JACOBS, KASS, & BERRY, JJ.

Further appellate review granted, 439 Mass. 1108 (2003).

*Destruction of Property. Malicious Injury to Property. Evidence,* Prior
conviction. *Practice, Criminal,* Defendant's decision not to testify.

At the trial of a complaint alleging a felony offense of malicious destruction
of property under G. L. c. 266, § 127, because the wall in which the
defendant punched a hole was neither freestanding nor a segregable part of
the dwelling in which it stood, the wall could not be broken out as a
separate component and assigned a valuation independent of the dwelling,
and therefore, the appropriate measure for determining whether the value
of the damaged property exceeded the statutory minimum of $250 was the
entire structure; moreover, the jurors could use their common sense and
common experience to determine that the wall was of value as an integrated
part of the dwelling and that the dwelling had a value in excess of $250.
[95-99]

At the trial of a criminal complaint alleging malicious destruction of property
and assault and battery, the judge did not err in denying a motion to
exclude evidence of the defendant's prior convictions on two counts of as-
sault and battery by means of a dangerous weapon and one count of unlaw-
ful possession of a firearm, where the ruling did not deprive the defendant
of his right to testify in his own defense, and where the prior offenses were
not so similar to the offenses being tried that allowing the introduction of
the prior offenses constituted an abuse of the judge's discretion. [99]

COMPLAINT received and sworn to in the Brockton Division of
the District Court Department on August 6, 1999.

The case was tried before *Deborah A. Dunn,* J.

*Kathleen M. Kelly* for the defendant.

*Carolyn A. Burbine,* Assistant District Attorney, for the
Commonwealth.

BERRY, J. The principal issue presented in this appeal involves
the measure of valuation for property that is the predicate for
conviction of the felony offense of malicious destruction of

property under G. L. c. 266, § 127.[1] A felony conviction under § 127 — in contrast to a misdemeanor conviction — requires proof that the damaged property had value in excess of $250. In this case, a damaged wall was the predicate for the § 127 felony conviction. The defendant, in a jealous rage, destroyed two telephones and a pager, and punched a hole in a wall. The telephones were the property predicates for the defendant's two § 127 misdemeanor convictions. As to the felony conviction under § 127 challenged in the appeal,[2] the question presented involves the method for valuing the "property so destroyed or injured" for purposes of determining whether the $250 felony threshold has been met: that is, whether the valuation is to be based upon the wall alone, as a separate and discrete part of the "dwelling house," or rather upon the whole dwelling, of which the wall is a part.

In analyzing this issue, we conclude that, given the indivisible nature of the wall vis-á-vis the whole structure, the felony threshold would have been appropriately determined by valuation of the dwelling as a whole. Accordingly, we affirm.

1. *Background facts.* As pertinent to the valuation issue, the evidence before the jury trial warranted finding facts as follows. A telephone call was received at the house where the defendant and his girlfriend were staying. In response to the defendant's inquisition and escalating level of agitation, his girlfriend admitted that the just-received call was from a man she had met at a dance. With that acknowledgment, the defendant angrily ripped the kitchen telephone and jack out of the wall and then punched a hole in the wall. Continuing his rampage, the defendant stormed into the living room, where he picked up a cellular telephone and threw it to the floor, breaking it. Still venting, the

---

[1] General Laws c. 266, § 127, as amended through St. 1994, c. 168, § 4, provides, in pertinent part: "Whoever destroys or injures the personal property, dwelling house or building of another . . . shall, if such destruction or injury is wilful and malicious, [be guilty of a felony] . . . [but] if the value of the property so destroyed or injured is not alleged to exceed two hundred and fifty dollars," the offender shall be guilty of a misdemeanor.

[2] The defendant also challenges the denial of a motion in limine to exclude evidence of his prior convictions (unlawful possession of a firearm and assault and battery by means of a dangerous weapon). See part 3, *infra.*

defendant grabbed the pager that his girlfriend had clipped to her waist and threw it against the wall, breaking the pager.[3]

At trial, the girlfriend described the encounter. The Commonwealth introduced photographs of the two telephones and the jack, the pager, and, as pertinent to this appeal, a photograph of the kitchen wall depicting the hole and other damage where the jack had been pulled out of the wall. The testimony was that the wall was in perfect condition before the malicious destruction.

On appeal, the defendant argues that, given malicious destruction directed at just the wall, the § 127 felony threshold cannot be based on valuation of the whole dwelling, and that the Commonwealth failed to adduce sufficient evidence upon which a jury could find the $250 element required for the felony. The Commonwealth counters that valuation should have accounted for the full value of the dwelling and that, even if considerations of value were limited to the wall as the damaged object, there was sufficient evidence that the wall had a value of over $250 in the context of the dwelling of which the wall was an integral part.

2. *The measure for the property valuation.* We start with the basic principles. "[I]t is the value of the 'property so destroyed or injured' that must be found to exceed [the statutory threshold], not the amount of damage to the property that must exceed [the threshold]" (emphasis omitted). *Commonwealth* v. *Pyburn*, 26 Mass. App. Ct. 967, 969 (1988). The Commonwealth bears the burden of proof as to valuation. "In view of the significantly increased sentencing range triggered by a finding that the value of the destroyed property exceeds $250, we conclude that the value of the property must be treated as an element of the felony of malicious destruction of property, G. L. c. 266, § 127, and that a value in excess of $250 must be found by a jury beyond a reasonable doubt." *Commonwealth* v. *Beale*, 434 Mass. 1024, 1025 (2001), citing *Apprendi* v. *New Jersey*, 530 U.S. 466, 495 (2000).

---

[3]There was also a physical exchange involving pushing and shoving during which the victim fell, slightly bruising her face. The victim, a reluctant witness at trial (having reconciled with the defendant, who was the father of her child), stated that she pushed first. The defendant was found not guilty of assault and battery.

The Commonwealth cites *Commonwealth* v. *Pyburn*, *supra*, to support its position that full valuation of the dwelling should govern. In that case, the court held that the felony threshold established by § 127 was to be measured not by the cost of repair bills for fixing a damaged truck, but rather by "the value of the 'property so destroyed or injured' " (emphasis omitted). *Id.* Quoting this phrase as central support, the Commonwealth argues that *Pyburn* established as a principle that valuation for the felony threshold is to be based on the whole structure — in *Pyburn*, the whole truck; here, the whole dwelling. We do not think *Pyburn* is to be so broadly construed as setting a per se rule of total valuation applicable to all cases irrespective of the scope of the damage. Rather, a total valuation method was applied in *Pyburn* precisely because the damage was all encompassing. The defendant in *Pyburn* had a fight with the owner of a truck. The defendant placed the truck on a fork lift, elevated it, and then crashed the truck to the ground, bouncing it about and causing damage to the entire structure of the truck — including mechanical engine damage, a bent frame, a displaced grill, and, last but not least, a damaged license plate holder. *Id.* at 968. Given the pervasive damage, *Pyburn* did not address, and need not have addressed, the question of valuation where the damage is limited in scope and directed to a discrete and segregable part or parts of a structure, i.e., a window.[4]

In *Commonwealth* v. *Lauzier*, 53 Mass. App. Ct. 626 (2002), which involved a challenge to valuation for a § 127 felony conviction where the malicious destruction was directed at separate and distinct parts of a dwelling, we touched upon the issue of whether the appropriate measure of valuation would be based on the value of the dwelling or of the damaged parts. However, we were not required to decide between the two

---

[4]In two other cases involving damage isolated to a separate component of a motor vehicle — a car windshield — the question of total valuation versus valuation of the segregable part was not the subject of extensive analysis and yielded split results. Compare *Commonwealth* v. *Walters*, 12 Mass. App. Ct. 389, 392 (1981) (although only the vehicle windshield was struck by a club, "the jury could have inferred that the truck was worth [the then statutory threshold of] more than one hundred dollars"), with *Commonwealth* v. *Cimino*, 34 Mass. App. Ct. 925, 927-928 (1993) (where the injury to the property was limited to automobile windows shot out by a BB gun, felony sentences were vacated and the vehicle's value as a whole was not considered).

methods of valuation in *Lauzier* because the $250 threshold was met whichever valuation governed. *Id.* at 633 n.10. We noted, however, that "[a] closer question might have been presented had the damage been limited to a freestanding and segregable part of the dwelling, in which case, a more limited valuation might have been in order, requiring proof of valuation of just that part of the dwelling." *Ibid.* In the factual case presented here, i.e., damage to a discrete part of the dwelling (one wall with a punched-in hole), the part is neither freestanding nor segregable.

We consider, then, the question whether valuation for the § 127 felony threshold would be more appropriately based on the damaged part or parts versus the whole structure where the damage caused by the malicious destruction is directed to a discrete part or parts of that structure. Here, the target was a discrete area, a built-in wall, but the wall was inextricably integrated into the dwelling structure. As such, the wall could not be broken out as a separate component and assigned a freestanding, independent valuation.[5] Thus, in the final analysis, although the malicious destruction in this case was confined and limited to one area of the whole structure, the resulting damage was not to a severable part available for purchase as a piece with a fair market value determinable in any relevant market.

[5]The formulaic analysis in this case has, of necessity, focused on the characteristics of, and the valuation of, a wall within a legal framework in order to resolve a controlling issue of whether the criminal conduct at issue (the malicious destruction of a wall as the predicate property) crossed the felony threshold. We do not leave the topic of "wall," however, without noting, in passing, that, in a wholly different genre, a more abstract analysis — marked by much less serious import — has been undertaken in consideration of the characteristics of "wall." In the latter genre, a wall — even if staged as an important thing, essential to the unfolding drama — is not, it would seem, easily replicated in any freestanding, foundational manner — a consideration that reflects (for stage production, at least) the inherent impracticality of trying to value wall qua wall.

> SNOUT: "You can never bring in a wall. What say you, Bottom?"

> BOTTOM: "Some man or other must present Wall; and let him have some plaster, or some loam, or some rough-cast about him, to signify wall; or let him hold his fingers thus, and through that cranny shall Pyramus and Thisby whisper."

Shakespeare, A Midsummer Night's Dream, Act 3, Scene 1.

Given that the wall was not subject to such independent valuation, the $250 felony threshold under § 127 was more appropriately measured by the whole structure, here the dwelling.[6]

Given this determination, we turn to the issue whether the defendant was entitled to a required finding of not guilty based on insufficiency of the evidence. We conclude not. The record provides sufficient evidentiary foundation that the value of the entire dwelling, including the wall on which the jury focused, was in excess of $250. The Commonwealth not only introduced photographs of the wall depicting substantial damage, with a gaping hole large enough to expose wires (probably once connected to the telephone and jack that had been ripped out by the defendant), but also adduced evidence of the wall's placement in relation to the adjoining rooms. A jury, using their common sense and common experience, could reasonably determine that the wall was of value as an integrated part of such a multi-room dwelling (in which the wall stood as one partition) and that the dwelling had a value in excess of $250.[7] See *Commonwealth* v. *Hosman*, 257 Mass. 379, 385-386 (1926) (in determining the value of property that is the subject of malicious destruction, a jury may apply "common experience"). Cf. *Corson* v. *Commonwealth*, 428 Mass. 193, 198 & n.6 (1998) (life experience

---

[6]Finally, we note that the determination of the measure for valuation — whether to be measured and valued by the whole of the property structure, the separate part, or the sum of the parts — is a matter for the trial judge who will craft the jury instructions for the felony element of proof required by *Commonwealth* v. *Beale*, 434 Mass. at 1025. In making this determination, it may be helpful to assess the extent and scope of the malicious destruction, that is, whether the damage, albeit to separate parts, is pervasive and spreads throughout the whole structure versus whether the malicious destruction is limited to one or a few separate parts in a confined area of the structure; whether, and to what degree, a damaged part (or parts) is critically integral to the structural integrity or operation of the whole property object versus whether the structural integrity or performance of the structure is relatively unaffected by the damaged part; and whether, and to what degree, a damaged part (or parts) is bound up in the total value and worth of the entire structure versus whether damage to the part does not substantially undermine or negatively affect the value of the entire structure.

[7]That the judge instructed the jury to consider the wall separately did not prejudice the defendant because a valuation figure encompassing the whole dwelling, of which the wall was an integrated part, would have been greater than the valuation figure limited to the wall. So viewed, the defendant received a more favorable instruction than that to which he was entitled.

informs reasons and bases for a person's ability to value an asset).

3. *The defendant's prior convictions.* The defendant claims error in the trial judge's denial of his motion in limine seeking to exclude his prior convictions on two counts of assault and battery by means of a dangerous weapon and one count of unlawful possession of a firearm. The defendant contends that, because the motion in limine was denied, he decided not to testify and that the negative ruling, therefore, deprived him of his constitutional right to testify in his own defense. The argument is unpersuasive and wrong. The defendant has a right to testify. He does not have a right to testify free of the effects of impeachment by prior conviction. See G. L. c. 233, § 21.

Next, the defendant argues that it was an abuse of discretion to deny his motion because the prior offenses were similar to the offenses charged. That argument also is unavailing. The firearm charge is quite distinguishable. As to the contention that the offenses of assault and battery by means of a dangerous weapon are like malicious destruction of property and simple assault and battery (in this case, in an instance of domestic violence), the differences among the offenses are obvious and the claim of similarity — even if one were, in the hypothetical sense, to assume that similarity of offenses is per se disabling to impeachment by prior conviction — is unavailing. The judge properly exercised his discretion in declining, on the defendant's motion in limine, to exclude the prior criminal convictions as potential impeachment evidence. See generally *Commonwealth v. Fano*, 400 Mass. 296, 303-305 (1987).

*Judgments affirmed.*