COMMONWEALTH *vs.* THOMAS PYBURN. No. 87-1222. September 8, 1988. *Destruction of Property.*

The defendant appeals from his conviction by a jury in a District Court upon a complaint for wanton destruction of property valued at more than

$100 (G. L. c. 266, § 127). He claims on appeal that the judge erred in (1) denying his motion for a required finding of not guilty, and (2) his instructions to the jury. The defendant also claims that a repair bill was improperly admitted in evidence.

1. *The denial of the motion for a required finding of not guilty.* The defendant claims that the judge erred in denying his motion for a required finding of not guilty because the Commonwealth failed to link the damage to the victim's automobile to any action on his part. We summarize those portions of the evidence which are relevant to the defendant's contention.

On October 16, 1986, an individual by the name of Smith became involved in a heated argument with employees of the defendant. The defendant, a contractor, arrived on the scene and got into a payloader, a large piece of machinery with a bucket in front. He drove that vehicle toward a 1981 Buick Skylark owned by Smith. Using the bucket, the defendant scooped up the front of the Smith automobile and lifted it some fifteen feet into the air and placed it down some twenty-five feet away. When the bucket was brought down, the automobile was placed roughly on the ground and bounded up and down.

After the incident, Smith drove off in the vehicle. That night, he made an examination of his automobile. He observed that a portion of the frame was bent, as well as part of the lower part of a fender. The license plate holder "had been all but torn off" and was hanging by a shred. The grill was displaced slightly on one side, and there were some bent metal pieces. Two or three days later, a mechanical problem developed. The engine began to heat up and it was discovered that there was no coolant in the radiator. Prior to the incident, Smith had no complaints about the automobile.

The damage observed by the witnesses was consistent with the automobile's being lifted fifteen feet into the air, moved approximately twenty-five feet, and brought down to the ground so as to cause it to bounce up and down. The Commonwealth is not obliged to exclude every other hypothesis, such as the possibility that the damage arose after the incident. See *Commonwealth* v. *Casale,* 381 Mass. 167, 175 (1980). Therefore, there was sufficient evidence introduced by the Commonwealth to warrant the jury in concluding that the defendant was the cause of the damage to Smith's automobile.

2. *Admission in evidence of the repair bill.* The judge committed error in allowing Smith to place in evidence an itemized bill of an estimate of repairs to his automobile. Evidence of the amount of damage to the automobile was immaterial. (See part 3 below.) The error was harmless, however, because there was other evidence of damage to the automobile, therefore, the evidence as to the items on the estimate was cumulative.

3. *The instructions to the jury.* In order to convict a person of the crime of wanton destruction or injury of property, the Commonwealth is required to prove that a defendant destroyed or injured another's property and that his conduct was wanton. See *Commonwealth* v. *Ruddock,* 25 Mass. App. Ct.

508, 512-513 (1988). In addition, if there is an allegation in a complaint or indictment that the value of the property so destroyed or injured exceeded one hundred dollars, as was claimed here, then the jury must be instructed that if they find the defendant guilty of wanton destruction or injury of property they must then determine if the value of the property so destroyed or injured exceeded one hundred dollars. *Commonwealth* v. *Walters*, 12 Mass. App. Ct. 389, 394 (1981). Whether the value of the property destroyed or injured exceeded one hundred dollars, however, is not an essential element of the crime of wanton destruction or injury of property.[1] The judge instructed the jury otherwise without objection. The defendant claims that as a result of the judge's erroneous instruction he is entitled to a new trial. We disagree.

Although the judge's instruction was error, it was not material to the defendant's conviction. Indeed, in a sense the instruction was more favorable to the defendant than the one to which he was entitled because it required the Commonwealth to prove an additional element in order to convict the defendant of the offense.

However, in a different respect the judge's charge did harm the defendant. He instructed the jury that the Commonwealth must prove beyond a reasonable doubt that "the value of the *property damage* exceeded one hundred dollars" (emphasis supplied). This was error because, under G. L. c. 266, § 127 (note 1, *supra*), it is the value of the *"property so destroyed or injured"* that must be found to exceed one hundred dollars, not the amount of damage to the property that must exceed one hundred dollars.[2] Although the evidence in this case warranted a finding that the value of the property so destroyed or injured was more than one hundred dollars, the jury were not instructed on that point, and the defendant was found guilty and sentenced for causing wanton destruction to property of the value of more than one hundred dollars. That was error.

The judgment on the complaint that charged wanton destruction of property valued at more than one hundred dollars is vacated, and the case is

---

[1] The value of the property destroyed or injured only affects the possible sentence of a defendant convicted of wanton destruction or injury of property. See G. L. c. 266, § 127, as appearing in St. 1982, c. 229, § 2, which states in relevant part that "if such destruction or injury is wanton, [the defendant] shall be punished by a fine of fifteen hundred dollars or three times the value of the property so destroyed or injured, whichever is greater, or by imprisonment for not more than two and one-half years; if the value of the property so destroyed or injured is not alleged to exceed one hundred dollars, the punishment shall be by a fine of three times the value of the damage or injury to such property or by imprisonment for not more than two and one-half months. . . ."

[2] The judge may have been misled by the jury instruction on wanton destruction of property found in Model Jury Instructions for Criminal Offenses Tried in the District Courts (1983). That instruction (5:30) provided that the Commonwealth must prove beyond a reasonable doubt that "the value of the property *damage* exceeded one hundred dollars" (emphasis supplied). That instruction has since been corrected. See Instruction 5:30 as revised in 1988.

remanded for resentencing the defendant as upon a verdict of guilty of simple wanton destruction of property.

*So ordered.*

*Emmanuel N. Papanickolas* for the defendant.

*Margaret J. Perry*, Assistant District Attorney, for the Commonwealth.