COMMONWEALTH *vs.* MARGARET E. BEALE. July 19, 2001. *Malicious Injury to Property. Due Process of Law,* Elements of criminal offense.

We granted the defendant's application for further appellate review in this case that was decided in the Appeals Court in an unpublished memorandum and order pursuant to its rule 1:28. See *Commonwealth* v. *Beale,* 49 Mass. App. Ct. 1120 (2000). The defendant appealed from her conviction of malicious destruction of property valued over $250, in violation of G. L. c. 266, § 127. The conviction arose out of an argument with the defendant's former husband, during which she damaged numerous items in his home.

On appeal the defendant raised several issues challenging the validity of her conviction, including that the statute is unconstitutionally vague; that the jury had played an improper role in sentencing; that the criminal complaint was improperly amended; that the judge admitted in evidence inadmissible hearsay testimony; that inadmissible evidence was used to determine the value of the property, absent which the evidence was insufficient to sustain the conviction; and that inadmissible hearsay evidence was admitted at the restitution hearing. We affirm the judgment for the reasons stated by the Appeals Court.

We comment on one issue addressed tangentially by the Appeals Court.[1] The defendant, citing *Apprendi* v. *New Jersey,* 530 U.S. 466 (2000), asserts that her due process rights were violated because the judge instructed the jury that the value of the property destroyed is not an essential element of the crime of malicious destruction of property. The judge did instruct that the value of the property is a factor that may be considered in sentencing. In *Apprendi* v. *New Jersey, supra,* the United States Supreme Court held that "it is unconstitutional to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt." *Id.* at 490, quoting *Jones* v. *United States,* 526 U.S. 227, 252-253 (1999) (Stevens, J., concurring) (invalidating New Jersey hate crime statute allowing judge to find bias by preponderance of evidence). In deciding that the finding of bias required by the New Jersey statute must be proved to a jury beyond a reasonable doubt, the Supreme Court relied on the fact that such a finding converted a second degree offense into first degree,

---

[1]The Appeals Court noted in its unpublished memorandum that the defendant had cited *Apprendi* v. *New Jersey,* 530 U.S. 466 (2000), pursuant to Mass. R. A. P. 16 (1), as amended, 386 Mass. 1247 (1982), as pertinent to her due process claim. The court declined to consider the claim because the defendant failed to present any supporting argument. The defendant nevertheless chose not to amplify her argument in her brief submitted to this court. We address the argument because the Supreme Court's holding in *Apprendi* v. *New Jersey, supra,* does affect G. L. c. 266, § 127, and the issue was briefed by the Commonwealth. See *Oklahoma City* v. *Tuttle,* 471 U.S. 808, 815-816 (1985) (appropriate, in interests of judicial economy, to address issue not preserved but briefed and unobjected to by opposing party). See also *Carlson* v. *Green,* 446 U.S. 14, 17 n.2 (1980) ("interests of judicial administration will be served by addressing the issue" that was not presented at trial).

and exposed a defendant to a sentence that potentially could double in length. *Id.* at 495.

Under G. L. c. 266, § 127, the value of the property destroyed is the factor that distinguishes a felony conviction, carrying a prison sentence of up to ten years, from a misdemeanor, with a prison sentence of not more than two and one-half months. In view of the significantly increased sentencing range triggered by a finding that the value of the destroyed property exceeds $250, we conclude that the value of the property must be treated as an element of the felony of malicious destruction of property, G. L. c. 266, § 127, and that a value in excess of $250 must be found by a jury beyond a reasonable doubt.[2] *Apprendi* v. *New Jersey, supra.*

In this case, however, the defendant's due process argument fails. In *Apprendi* v. *New Jersey, supra,* the Supreme Court was clear that the focus of the constitutional inquiry is not a formalistic examination of whether a finding is labeled an "element" or a "sentencing factor," but whether the finding is made by a jury on proof beyond a reasonable doubt. *Id.* at 495. There was nothing amiss in this case in the procedure by which the defendant's conviction was obtained. The criminal complaint clearly alleged that the value of the property destroyed was over $250, and the judge did instruct the jury that they must find beyond a reasonable doubt that the value of the property exceeded $250. There is no possibility that the defendant lacked notice of the charge, or was convicted of anything less than a jury's finding of each element beyond a reasonable doubt. The conviction is affirmed.

*So ordered.*

*Robert D. Dimler* for the defendant.

*Brian A. Wilson,* Assistant District Attorney, for the Commonwealth.

---

[2]In *Commonwealth* v. *Pyburn,* 26 Mass. App. Ct. 967, 969 (1988), the Appeals Court held that "the value of the property destroyed or injured . . . is not an essential element of the crime" of malicious destruction of property under G. L. c. 266, § 127, and that the value of the property was merely a factor that could enhance a sentence. *Id.* Pursuant to that interpretation, it would be permissible for a judge to determine the value of the destroyed property by a preponderance of the evidence, and the judge would not be required to submit the question of value to the jury. But see Supplemental Instruction 1 to Instruction 5:30 of the Model Jury Instructions for Use in the District Court (judge instructs that jury must find value beyond reasonable doubt).

