## COMMONWEALTH *vs.* ELTRA D. DEBERRY.

Plymouth. November 4, 2003. - March 12, 2004.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Destruction of Property. Malicious Injury to Property. Statute,* Construction. *Evidence,* Prior conviction. *Words,* "Value of the property."

Discussion of the legislative history of crimes against property, and statutory offenses pertaining to buildings in particular. [215-219]

This court concluded that, for the purpose of establishing the value element of the felony offense of malicious destruction of property valued at over $250, G. L. c. 266, § 127, where damage is caused to a portion of the property as a whole and may be replaced or repaired, the value of the property is to be measured by the pecuniary loss, rather than the fair market value of the whole property, or the fair market value of so much of the property as is destroyed or injured; accordingly, at the trial of a complaint alleging that felony offense based upon the defendant's actions of punching a hole in the wall of a dwelling, where the Commonwealth presented no evidence on the reasonable cost to repair the hole in the wall, the defendant's conviction required reversal, but a finding of guilty of the lesser included misdemeanor offense of malicious destruction of property under $250 would enter. [219-224]

A District Court judge did not abuse her discretion by denying a defendant's motion in limine to exclude the introduction at trial, for impeachment purposes, of the defendant's prior convictions of assault by means of a dangerous weapon and of unlawful possession of a firearm. [224-225]

COMPLAINT received and sworn to in the Brockton Division of the District Court Department on August 6, 1999.

The case was tried before *Deborah A. Dunn,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Kathleen M. Kelly* for the defendant.

*Carolyn A. Burbine,* Assistant District Attorney, for the Commonwealth.

MARSHALL, C.J. In this appeal from a conviction of malicious destruction of property valued at over $250, we consider the proper method for determining "the value of the property so

destroyed or injured," G. L. c. 266, § 127, proof of which is an essential element of this felony offense.[1] The language has been variously construed by lower courts in the Commonwealth, but not by this court. The question is important because its answer determines the criminal penalties to which the defendant may be subjected. If "the value of the property so destroyed or injured" is less than $250, the defendant may be convicted of a misdemeanor only, which carries substantially lower penalties than a felony conviction under the statute.[2] In this case a jury in the District Court convicted the defendant of the felony of malicious destruction of property on evidence that the defendant had punched a hole the size of a light switch plate in a kitchen wall of a house.

The defendant's conviction was affirmed on appeal. *Commonwealth* v. *Deberry*, 57 Mass. App. Ct. 93 (2003). The Appeals Court concluded that, to determine the "value of the property" damaged, the jury should consider the value of the house, of which the wall was "inextricably integrated." *Id.* at 97. We granted the defendant's application for further appellate review.

Where only a portion of property has been damaged, it is possible to consider three definitions for the "value of property": the fair market value of the whole property (here the house) (as the Commonwealth urges); the fair market value of so much of the property as is destroyed or injured (here the wall) (as the defendant urges); or the pecuniary loss (here measured by the reasonable cost of repair) (as most other States

---

[1] General Laws c. 266, § 127, as amended through St. 1994, c. 168, § 4, provides, in pertinent part: "Whoever destroys or injures the personal property, dwelling house or building of another in any manner or by any means not particularly described or mentioned in this chapter shall, if such destruction or injury is wilful and malicious, [be guilty of a felony]; if the value of the property so destroyed or injured is not alleged to exceed two hundred and fifty dollars, [the offender shall be guilty of a misdemeanor]."

[2] A person convicted of the felony of malicious destruction of property under G. L. c. 266, § 127, shall "be punished by imprisonment in the state prison for not more than ten years or by a fine of three thousand dollars or three times the value of the property so destroyed or injured, which ever is greater." A misdemeanor conviction of malicious destruction of property carries a penalty of three times the value of the damage or injury to such property or a maximum imprisonment for two and one-half months.

do). We conclude, consistent with our duty to construe ambiguous terms in light of the Legislature's probable intent, that where damage is caused to a portion of the property as a whole and may be replaced or repaired, the value of the property is to be measured by the pecuniary loss, in this case the reasonable cost of repair necessitated by the malicious conduct. Because the Commonwealth presented no evidence on this point, the defendant's conviction of the felony offense of malicious destruction of property must be reversed.

1. *Background.* On June 20, 2000, the defendant was tried in Brockton District Court on one count of assault and battery in violation of G. L. c. 265, § 13A, one count of malicious destruction of property over $250 in violation of G. L. c. 266, § 127 (felony), and two counts of malicious destruction of property under $250 in violation of G. L. c. 266, § 127 (misdemeanor). After a one-day jury trial, at which the Commonwealth presented the testimony of one witness[3] and documentary evidence,[4] the defendant was acquitted of the assault and battery charge and convicted of the three remaining charges of malicious destruction of property. The defendant appealed from each of those convictions.[5]

Reviewing the record in its light most favorable to the Commonwealth, *Commonwealth* v. *Latimore,* 378 Mass. 671, 676-677 (1979), we recite the facts that a reasonable jury could have found. On August 4, 1999, the witness was at her mother's house with the defendant and their one year old daughter. While the defendant and the witness were sitting outside, the telephone rang. The witness, with the defendant following, walked through the kitchen and into the living room to answer the telephone, which had a caller identification display. The witness spoke for

---

[3]At the time of trial, the witness was the defendant's girl friend.

[4]In addition to the testimony of the witness, the Commonwealth introduced in evidence photographs of a kitchen telephone, a kitchen telephone jack pulled from the wall, a cordless telephone, a pager, and a photograph of the hole in the kitchen wall.

[5]As to the two misdemeanor charges of malicious destruction of property valued at under $250, the defendant does not contend that the Commonwealth failed to satisfy its burden of proving each of the required elements but limits his appeal to a claim that the judge erred in denying his motion in limine to exclude certain prior convictions. We consider these claims *infra.*

some minutes to the caller, a man whom the witness had met previously. During and after the conversation, the defendant asked her to identify the caller. The witness testified that she initially lied to the defendant regarding the caller's identity, but eventually told him that it was another man.

An argument ensued. As the exchange became heated, the defendant ripped the kitchen telephone from the wall and broke it. He then punched a hole in the wall.[6] He picked up a cordless telephone, which was in the living room, and broke it by throwing it on the floor. He ripped a pager from the witness's shirt, threw it to the ground, and broke it.

The witness testified that the kitchen telephone was worth approximately twenty dollars, the living room telephone was worth approximately sixty dollars, and the pager was a gift. The Commonwealth offered no evidence concerning the value of the damaged kitchen wall or of the house itself, or of the cost to repair the damaged wall. The defendant moved unsuccessfully for required findings of not guilty based on insufficient evidence at the close of the Commonwealth's case and at the close of the evidence.

Concerning the damage to the wall, the judge instructed the jury:

> "[T]he value of the property, not the value of the damage, but the value of the property, was [it] in excess of $250[?] . . . You're looking at the value of the wall, not the alleged damage, the hole in it, was the item damaged worth over $250[?] If you find the first three elements [of malicious destruction of property] are proven, then you go on to determine whether or not it was over $250 for that particular charge. . . . [T]he allegation that there was damage to a phone, damage to a pager, the allegation [as to those] is under $250, so you don't have to make a determination with regard to amount."

Neither the defendant nor the Commonwealth objected to the judge's instructions.

---

[6]The witness did not testify as to the size of the hole in the wall, but a photograph in evidence shows a hole that is slightly larger than the light switch plate next to it.

2. *Malicious destruction of property.* The element of the offense of malicious destruction of property that distinguishes a misdemeanor from a felony is the "value of the property so destroyed or injured." G. L. c. 266, § 127.[7] To convict a defendant of a felony, a jury must find beyond a reasonable doubt that the value of the property damaged exceeds $250. See *Commonwealth* v. *Beale,* 434 Mass. 1024, 1025 (2001) ("value in excess of $250 must be found by a jury beyond a reasonable doubt"). The statute does not define the term "the value of the property," which raises particular problems where, as here, the property is but partially damaged.

As we discuss more fully below, amendments to the statute in 1978 expanded personal property covered by the statute to encompass real property, i.e., "dwelling house" or "building." See St. 1978, c. 544 (1978 act). The question we must therefore resolve is whether, when the Legislature amended G. L. c. 266, § 127, it intended that every "injury" to a dwelling house or building, no matter how minimal (breaking a small pane of glass, scratching a wall) would support a felony conviction resulting in up to ten years' imprisonment or a fine of up to three times the value of the building, when the cost of repair or replacement might be substantially less than $250.

We interpret a statute "according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language . . . to the end that the purpose of its framers may be effectuated." *Hanlon* v. *Rollins,* 286 Mass. 444, 447 (1934). Accord *Boston Police Patrolmen's Ass'n* v. *Boston,* 435 Mass. 718, 719-720 (2002). Where the statutory language is not conclusive, we may "turn to extrinsic sources, including the legislative history and other statutes, for assistance in our interpretation." *Chandler* v. *County Comm'rs of Nantucket County,* 437 Mass. 430, 435 (2002), citing *EMC Corp.* v. *Commissioner of Revenue,* 433 Mass. 568,

[7]The felony offense of malicious destruction of property valued at over $250 has four essential elements, which must be proved beyond a reasonable doubt: the defendant injured or destroyed the personal property, or dwelling house or building of another; the defendant did so wilfully; the defendant did so with malice; the value of the property so injured or destroyed exceeded $250. See, e.g., Instruction 5.301 of the Model Jury Instruction for Use in the District Court (1995).

570-571 & nn.6-8 (2001) (other statutes), and *Barclay* v. *DeVeau*, 384 Mass. 676, 680 (1981) (legislative history). If it is a criminal statute we interpret, the rule of lenity requires that the defendant be given the benefit of the ambiguity. *Commonwealth* v. *Roucoulet*, 413 Mass. 647, 652 (1992).

Before turning to the 1978 act, we examine the legislative history of crimes against property in Massachusetts, paying particular attention to the evolution of the statutory offenses pertaining to buildings. Chapter 266 of the General Laws, "crimes against property," contains more than one hundred separate offenses.[8] General Laws c. 266, § 127, is a catchall section concerning the malicious or wanton injury to property not otherwise specified in the statute. The offense codified in § 127 is one of long standing, appearing first in the Revised Statutes of 1836.[9] R.S. (1836), c. 126, § 39. As initially enacted, the provision covered only personal property and made no distinction between felony and misdemeanor offenses based on the value of that property. *Id.* The latter distinction first appeared ten years later: a misdemeanor conviction obtained where the "value" of personal property destroyed did not "exceed the sum of fifteen dollars."[10] St. 1846, c. 52, § 1.

---

[8]For example, G. L. c. 266 contains the following sections relating to the destruction of specific items of property by means other than arson: § 28 (motor vehicle or trailer); § 94 (boundary markers); § 95 (historical monuments); § 96 (State buildings); § 97 (county buildings); § 98 (schoolhouse or church); § 98A (public park or playground equipment); § 100 (library material or property); § 104 (building or dwelling house); § 104A (goal posts on a football field); § 104B (research animals); § 105 (stone walls or fences); § 108 (ship or vessel); § 112 (livestock); § 114 (produce, fences, and breaking glass in a building); § 125 (show bill or advertisement posted on a structure); § 126A (real or personal property of another); § 127A (place of worship); § 128 (milk cans); § 129 (property of the Commonwealth by an inmate of a correctional facility); § 133 (property of Humane Society); § 138A (irrigation equipment); and § 139 (identifying numbers on motor vehicles or trailers).

[9]"Every person, who . . . shall wilfully and maliciously destroy or injure the personal property of another person, in any manner or by any means, not particularly described or mentioned in this chapter, shall be punished by imprisonment in the state prison for not more than five years, or by fine not exceeding one thousand dollars and imprisonment in the county jail, not more than one year." R.S. (1836), c. 126, § 39.

[10]"Every person who shall wilfully and maliciously destroy or injure the personal property of another person, in any manner or by any means, not particularly described or mentioned [herein], shall, when the value of the

In 1862, the Legislature enacted a separate statute prohibiting the "injury" of a "dwelling-house or other building."[11] St. 1862, c. 160. From 1836 until 1978, the felony and misdemeanor crimes of injury to personal property were codified at G. L. c. 266, § 127, while the misdemeanor crime of injury to buildings was codified at G. L. c. 266, § 104. There was no provision for the felony crime of injury to a building: a felony conviction was warranted only if a defendant violated one of the many separate offenses enumerated in G. L. c. 266. That changed in 1978, when the Legislature amended G. L. c. 266, § 127, to encompass real property, i.e., "dwelling house" and "buildings."[12] St. 1978, c. 544.

The 1978 act was enacted in the wake of a lengthy report by the Legislative Research Council on the prevention and punishment of vandalism in the Commonwealth. See 1976 House Doc. No. 4951 (report).[13] The report noted the escalating cost of

property so destroyed or injured or the injury occasioned to the same, shall not be alleged to exceed the sum of fifteen dollars, be punished by imprisonment in the county jail or house of correction not more than thirty days, or a fine not exceeding fifteen dollars." St. 1846, c. 52, § 1.

When the General Statutes were republished in 1860, the precursor to G. L. c. 266, § 127, the distinction between a felony and misdemeanor offense was based on the "value of the property so destroyed or injured." Gen. Stat. 1860, c. 161, § 85. The additional language concerning "the injury occasioned to the same" was omitted. Compare St. 1846, c. 52, § 1, with Gen. Stat. 1860, c. 161, § 85.

[11]Statute 1862, c. 160, is now codified at G. L. c. 266, § 104, a misdemeanor offense that provides that "[w]hoever wilfully, intentionally and without right destroys, injures, defaces or mars a dwelling house or other building, whether upon the inside or outside, shall be punished by imprisonment for not more than two months or by a fine of not more than fifty dollars." The statute has remained essentially unchanged since 1862, with the exception that in 1901 the word "maliciously" was deleted from the statute. St. 1901, c. 268, § 5.

[12]The 1978 act also increased the minimum amount required for a felony conviction from fifteen dollars to one hundred dollars. St. 1978, c. 544. Since 1846, the Legislature has twice amended the minimum amount that must be alleged for a felony charge. As noted, the amount was increased to one hundred dollars in 1978, and then to $250 in 1987. St. 1987, c. 468, § 5.

[13]This study ordered by the House of Representatives and Senate expressly directed the Legislative Research Council (council) "to consider, among other things, the adequacy of penalties now prescribed by the laws of the Commonwealth for acts of vandalism." 1976 House Doc. No. 4951, at 2. The report, prepared for the council by the Legislative Research Bureau (bureau), made no recommendations of legislative proposals; the transmittal letter to the

vandalism in Massachusetts and nationwide.[14] *Id.* at 8. The report also noted "dissatisfaction with the judicial disposition of cases involving vandalism" in Massachusetts. *Id.* at 11. It described various efforts to combat vandalism, *id.* at 9, and canvassed the Massachusetts statutory provisions relating to vandalism and other property damage, noting that G. L. c. 266, § 104, the broadest of the statutory provisions concerning "malicious mischief" to buildings, imposed only a relatively minimal penalty. *Id.* at 48. The report examined in detail the gradation in real property offenses between felonies and misdemeanors found in the Model Penal Code and in numerous State statutes of "criminal mischief."[15] *Id.* at 34-47.

The 1978 act simply extended the scope of the existing statute to encompass real property. Nothing in the legislative history suggests that the Legislature intended that *any* damage (vandalism) to a building, however minuscule, be prosecuted as a felony. To the contrary, the fact that the Legislature folded "dwelling house[s]" and "building[s]" into the catchall provision of § 127 suggests the Legislature's intention that a grading approach be utilized for considering whether to charge a misdemeanor or a felony for damage to real property. This was, after all, the practice across the United States as described in the report of the Legislative Research Council. *Id.* at 34-47. Thus we are unable to conclude that the 1978 act intended to

Senate and House of Representatives noted that the bureau was limited by statute to "statistical research and fact finding." *Id.* at 6.

[14]The summary of the report noted, for example, that in the 1972-1973 school year the nation's public school systems expended approximately $260 million for "vandalism damage, arson losses and similar property damage." *Id.* at 9.

While the primary focus of the report was the cost of vandalism to schools and other public buildings, the report also discussed vandalism to private buildings.

[15]The report further recognized that, in 1971, such a graded system had been recommended by the Massachusetts Criminal Law Revision Commission's (commission's) proposed simplification of the criminal mischief statutes. *Id.* at 52-54. The commission's recommendation, acknowledged and reprinted in the legislative report, was to consolidate the approximately forty-five property destruction statutes into three statutes, each with different offense levels based on the amount of damage. *Id.*

exclude damage to real property from such grading.[16] Cf. *State v. Breznick*, 134 Vt. 261, 266 (1976) ("From the literal wording of the statute ['damage to property of any value not exceeding $250.00'] it is ambiguous whether the word 'value' refers to the property damaged or to the damage itself").

We must therefore construe statutory terms to effectuate the legislative purpose as we determine it. See *Hanlon* v. *Rollins*, 286 Mass. 444, 447 (1934). The report, which appears to have triggered the 1978 act, strongly suggested that Massachusetts was out of step with the majority of other States, which had enacted some type of grading of penalties depending on the seriousness of the "vandalism" to real property that did not amount to total destruction of the property. See report at 34-47. However, nothing in the report suggests that minor property damage should be met with Draconian punishment. Nor is there any indication that the Legislature intended that the most minimal damage to real property, perhaps costing a few dollars to repair, would subject a defendant to a felony conviction with attendant severe punishment of up to ten years or a substantial fine. Cf. *Commonwealth* v. *Walden*, 3 Cush. 558, 559-560 (1849) (malicious destruction statute requires heightened level of malice lest "a person . . . be punished criminally, and with great severity," "however trifling the injury might be"). In addition, the Legislature clearly was aware, in 1978, that the total value of almost any "building" or "dwelling house" then exceeded $250. Had the Legislature meant "value" under the 1978 act to include the total value of any real property that suffered even minor damage, it would have said so explicitly, rather than adopting an amendment containing a misdemeanor

---

[16]One sentence, inserted by the 1978 act, provides that, "where the value of the property so destroyed or injured" is less than $250, the defendant may be sentenced to pay a fine of "three times the value of the damage or injury to such property." The judge is instructed, in such cases, to hold a postconviction evidentiary hearing concerning the "value of the property so destroyed or injured." In addition to highlighting ambiguities in the drafting of the 1978 act, these provisions suggest that the Legislature was concerned to ensure that the victim is compensated reasonably (for "damage") and does not reap a windfall from the defendant's misdeeds.

provision that, as pertains to real property, would be virtually meaningless.[17]

We thus reject the Commonwealth's contention that the value at issue is the value of the whole property. In this regard we find persuasive the reasoning of the District of Columbia Court of Appeals. That court also rejected an interpretation of its malicious destruction statute, a statute similar to ours, that would have interpreted the "value" of the property to mean the value of the entire property, damaged and undamaged parts alike.[18] See *Nichols* v. *United States*, 343 A.2d 336, 341 (D.C. 1975), quoting D.C. Code § 22-403 (1973). There, the defendant was charged with a felony offense of destruction of property for creating a hole in the roof of a liquor store. The court noted that "the larger whole in this case is the liquor store" and "[w]e readily could take notice of the fact that the 'store' referred to . . . has a value exceeding $200," the threshold amount for a felony offense. *Id.* at 341-342. The court rejected that the statute mandated a felony conviction in any instance where the damaged property as a whole is valued at over $200. *Id.* at 342. The court reasoned, and we agree, that it could not be the legislative intent to "create the rule that, for example, causing even fifty cents' damage to part of an object having an overall value greater than [$250] would constitute a felony." *Id.* at 342.

[17]We find added support for this conclusion from G. L. c. 266, § 127A, establishing penalties for destruction of specific types of buildings, such as churches, synagogues, schools, educational facilities, and community centers. That statute, inserted by St. 1983, c. 165, § 2, also distinguishes felonies and misdemeanors by a monetary amount, stating that "if the damage to or loss of such property exceeds five thousand dollars" it is a felony punishable by imprisonment for not more than five years. Section 127A prohibits "willful[]" conduct, and not "malicious" conduct. Under that statute, damage exceeding $5,000 carries a maximum penalty of five years in State prison. It would be illogical for the Legislature to set a lower punishment in a specific statute for offenses against public buildings that are frequent targets of vandalism than is provided by the catchall provision of § 127 for dwelling houses and buildings in general.

[18]The statute, D.C. Code § 22-403 (1973), established a felony offense for the destruction or injury of "any public or private property, whether real or personal, not his own, of the value of $200 or more" and a misdemeanor offense "if the value of the property be less than $200." *Nichols* v. *United States*, 343 A.2d 336, 341 (D.C. 1975). This provision is now codified at D.C. Code § 22-303 (2001).

Here, the defendant argues that the property to be valued is the wall, and not the entire house.[19] This argument, reducing the property injured to some smaller segment thereof, was also considered and rejected by the District of Columbia court. *Id.* at 342. "Neither, in our view, would it be logical to interpret the statute as requiring the cataloging in an indictment of each component part which is damaged or destroyed. In this case, for example, such an approach would necessitate placing a value on multiple items such as roofing paper, pieces of wood, etc." *Id.* Such a segmented approach would undermine the salutary goal of consistency in prosecutions and convictions, especially because in the case of a building, the part of the property to be valued could be described either expansively or narrowly. For example, one might argue that the partially damaged property in this case is the kitchen, and not just a wall of the kitchen. Cf. *Commonwealth* v. *Cox*, 7 Allen 577, 578 (1863) (rejecting that injury to panel of omnibus should be considered separately because "the omnibus is alleged to be injured by the breaking of the panel").

As the District of Columbia court noted, "[a] more sensible approach is wholly consistent with the statute." *Nichols* v. *United States, supra* at 342. We agree, and conclude that the correct standard in a case such as this is the pecuniary loss: "Where repairable damage or destruction is caused to a portion or portions of a greater whole, the value of the property damaged or destroyed is to be measured by the reasonable cost of

---

[19]The defendant did not argue that the cost of repair was the proper method of valuation, possibly relying on *Commonwealth* v. *Pyburn*, 26 Mass. App. Ct. 967, 969 (1988), and *Commonwealth* v. *Lauzier*, 53 Mass. App. Ct. 626, 632-633 & n.8 (2002) (valuation issue not raised below and thus waived), to the effect that the cost of the damage was not a proper consideration. The *Pyburn* central holding, that valuation exceeding $250 is not an essential element of the malicious destruction offense, has been overruled. *Commonwealth* v. *Beale*, 434 Mass. 1024, 1025 (2001). *Commonwealth* v. *Pyburn, supra,* also incorrectly stated that the judge erred when instructing the jury that the Commonwealth must prove beyond a reasonable doubt "that the value of the property damage exceeded one hundred dollars." We note that neither the defendant nor the Commonwealth sought further appellate review in that case.

To the extent that the defendant relied on prior case law that we now overrule, we do not consider him to have waived this argument.

the repairs necessitated by the malicious conduct."[20,21] *Id.*

Our survey of other jurisdictions confirms our conclusion. Although other States employ a variety of statutory terms to distinguish felony and misdemeanor destruction of property offenses, no jurisdiction determines whether a criminal mischief or destruction of property offense is a misdemeanor or a felony on the basis of the value of the property determined as a whole. Most jurisdictions differentiate the offense level by a discernable monetary amount, such as "pecuniary loss" used in the Model Penal Code,[22] Del. Code Ann. tit. 11, § 811 (Michie 2001); Ind. Code § 35-43-1-2 (Burns Supp. 2003); Ky. Rev.

---

[20]Of course, in certain circumstances a seemingly minor type of damage may effectively destroy the value of an entire property, such as a tear in a valuable painting or a chip in an antique cup.

[21]The various decisions of the Appeals Court that touch on this question are not inconsistent with our ruling. Where property has been only partially damaged, the Appeals Court has either measured the "value" of property by damage or cost of repair, see, e.g., *Commonwealth* v. *Ruddock*, 25 Mass. App. Ct. 508, 512 (1988) (evidence introduced of cost of repair of automobile dented by student protestor, not value of automobile); *Commonwealth* v. *Peruzzi*, 15 Mass. App. Ct. 437, 439 (1983) (evidence introduced of cost of repair, not value of automobile), or declined to reach the question, see *Commonwealth* v. *Walters*, 12 Mass. App. Ct. 389, 394 n.4 (1981) (declining to decide whether value of damage to personal property or value of property itself that must exceed $250); see also *Commonwealth* v. *Cimino*, 34 Mass. App. Ct. 925, 927-928 (1993) (injury confined to automobile windows damaged by shots from BB gun; felony sentences vacated and automobile's value as whole not considered). In *Commonwealth* v. *Pyburn*, 26 Mass. App. Ct. 967, 968 (1979), the Appeals Court stated that it was error to admit "an itemized bill of an estimate of repairs" because "[e]vidence of the amount of damage to the automobile was immaterial." The damaged property at issue in that case was an automobile, which the defendant (driving a large payloader with a front bucket) scooped into the air and "placed roughly" on the ground, damaging the entire structure of the automobile. *Id.* As the Appeals Court later noted: "We do not think *Pyburn* is to be so broadly construed as setting a per se rule of total valuation applicable to all cases irrespective of the scope of the damage. Rather a total valuation method was applied in *Pyburn* precisely because the damage [to the automobile] was all encompassing." *Commonwealth* v. *Deberry*, 57 Mass. App. Ct. 93, 96 (2003). As noted, *Pyburn* was overruled in part on different grounds by *Commonwealth* v. *Beale*, 434 Mass. 1024, 1025 (2001).

[22]Section 220.3(2) of the Model Penal Code (1985) states, in part, "[c]riminal mischief is a felony of the third degree if the actor purposely causes pecuniary loss in excess of $5,000 . . . . It is a misdemeanor if the actor purposely causes pecuniary loss in excess of $100, or a petty misdemeanor

Stat. Ann. § 512.020 (Lexis 1999); Mont. Code Ann. § 45-6-101 (2003); Neb. Rev. Stat. Ann. § 28-519 (LexisNexis 2003); N.H. Rev. Stat. Ann. § 634:2 (West Supp. 2003); N.J. Stat. Ann. § 2C:17-3 (West Supp. 2003); N.D. Cent. Code § 12.1-21-05 (Michie 1997); 18 Pa. Cons. Stat. Ann. § 3304 (West 2000); Tex. Penal Code Ann. § 28.03 (West Supp. 2004); Utah Code Ann. § 76-6-106 (LexisNexis Supp. 2003), or other statutory phrases with essentially the same meaning, see, e.g., Ark. Code Ann. § 5-38-204 (Michie 1997) ("amount of actual damage"); Iowa Code Ann. § 716.4 (West 2003) ("cost of replacing, repairing, or restoring the property so damaged"); Md. Code Ann., Crim. Law § 6-301 (LexisNexis 2002) ("causes damage of at least $500"); Minn. Stat. Ann. § 609.595 (West Supp. 2004) (reduction in "the value of the property [as] measured by the cost of repair and replacement"); Mo. Ann. Stat. § 569.100 (West 1999) ("damages property to an extent exceeding seven hundred and fifty dollars"); Ohio Rev. Code Ann. § 2909.11 (West 1997) ("property value or an amount of physical harm"). Those few jurisdictions that, like Massachusetts, have statutory language referring to the "value" of the property in determining whether the offense is a misdemeanor or felony (Mississippi, Vermont, and the District of Columbia) also differentiate between felony and misdemeanor offenses on the basis of repair or replacement costs. Mississippi's statute, the most similar to ours,[23] further defines value as "the cost of repair or replacement of the property damaged or destroyed." Miss. Code Ann. § 97-17-67 (5) (Supp. 2003). See Me. Rev. Stat. Ann. tit. 17A, § 805 (West Supp. 2003) (definition in aggravated criminal mischief statute that defendant is guilty if he "[d]amages or destroys property of another in an amount exceeding $2,000 in value" refers to "the cost of repair" of damaged property). Vermont and the District of Columbia, as discussed, *supra*, have reached the same conclu-

if he purposely or recklessly causes pecuniary loss in excess of $25. Otherwise criminal mischief is a violation."

[23]Section 97-17-67(3) of Miss. Code Ann. (LexisNexis Supp. 2003) states, in pertinent part: "If the value of the property destroyed, disfigured or injured is in excess of Five Hundred Dollars ($500.00), it shall be a felony punishable by a fine not exceeding Ten Thousand Dollars ($10,000.00) or imprisonment in the Penitentiary not exceeding five (5) years, or both."

sion, but through judicial interpretation of the statutory language. See *Nichols* v. *United States*, 343 A.2d 336 (D.C. 1975); *State* v. *Breznick*, 134 Vt. 261 (1976).

Applying the above statutory interpretation of "value" in this case, we reverse the felony conviction of malicious destruction of property, G. L. c. 266, § 127.[24] The Commonwealth did not introduce any evidence as to the reasonable cost to repair the hole in the wall, and, without such evidence, the Commonwealth has failed to prove an essential element of the felony offense of malicious destruction of property. See *Commonwealth* v. *Beale*, 434 Mass. 1024, 1025 (2001). Because the element that distinguishes the felony offense of malicious destruction of property from its misdemeanor counterpart is "the value of the property," G. L. c. 266, § 127, and the Commonwealth has proved all other elements of the offense beyond a reasonable doubt, see note 7, *supra*, a finding of guilty of the lesser included offense of malicious destruction of property under $250 shall enter.

3. *The defendant's prior convictions.* Prior to trial, the judge denied the defendant's motion in limine to exclude the introduction at trial, for impeachment purposes, of the defendant's prior convictions of assault by means of a dangerous weapon and of unlawful possession of a firearm.[25] On appeal the defendant argues that the judge abused her discretion by improperly deny-

---

[24]Statute 1904, c. 305, established the offense of wanton destruction of property, which is not a lesser included offense of malicious destruction of property, and must be separately charged. *Commonwealth* v. *Schuchardt*, 408 Mass. 347, 351-352 (1990) (wanton destruction of property requires that likely effect of conduct was substantial harm, an element not required for conviction of malicious destruction of property). Because the value of the property must be proved beyond a reasonable doubt to sustain a conviction of both property offenses, our holding in this case applies also to the felony offense of wanton destruction of property.

[25]The defendant states that two of his prior convictions were of assault and battery by means of a dangerous weapon. The Commonwealth responds that those prior convictions were of assault by means of a dangerous weapon. At the hearing on the motion, counsel for both the defendant and the Commonwealth refer to the charges as assault by means of a dangerous weapon. The record does not include the defendant's criminal history and the written motion included in the record does not describe the convictions at issue. For the purposes of reviewing the judge's ruling on this matter, we rely on the description of the prior convictions presented to the judge by counsel — that the convictions were for assault by means of a dangerous weapon.

ing his motion because the prior offenses were substantially similar to the assault and battery offense for which he was charged, but not convicted.

"Generally, in order for the prejudicial effect to outweigh the probative value of the prior conviction evidence, the 'prior conviction must be substantially similar to the charged offense.' "

*Commonwealth* v. *Paulding,* 438 Mass. 1, 12 (2002), quoting *Commonwealth* v. *Leftwich,* 430 Mass. 865, 869 (2000). Whether to admit such evidence is appropriately an exercise of discretion by the trial judge. For the reasons stated by the Appeals Court, *Commonwealth* v. *Deberry,* 57 Mass. App. Ct. 93, 99 (2003), we conclude that, in this case, the trial judge did not abuse her discretion in denying the defendant's motion.

The defendant also argues that, by denying his motion to exclude his prior convictions, the judge denied him his constitutional right to testify in his own defense because those prior convictions could be used to impeach his testimony. As the Appeals Court correctly stated, "[t]he argument is unpersuasive and wrong. The defendant has a right to testify. He does not have a right to testify free of the effects of impeachment by prior conviction." *Commonwealth* v. *Deberry, supra,* citing G. L. c. 233, § 21.

4. *Conclusion.* The convictions of the two misdemeanor offenses of malicious destruction of property are affirmed. For the foregoing reasons, the judgment on the defendant's conviction of malicious destruction of property over $250 is reversed, the verdict set aside, and the case is remanded to the District Court, where a finding of guilty of the lesser included offense of malicious destruction of property under $250 is to enter. The defendant is to be sentenced pursuant to those provisions of G. L. c. 266, § 127, that pertain to the misdemeanor offense.

*So ordered.*