NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-347

COMMONWEALTH

vs.

AMIR SCHAJNOVITZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the defendant was convicted of malicious destruction of property under $1,200, in violation of G. L. c. 266, § 127.[1] On appeal, the defendant argues that the Commonwealth failed to meet its burden of proof because the property in question, a cell phone, belonged to him and not to his then wife as the Commonwealth alleged at trial. He also argues that the judge abused his discretion by admitting photographs of the damaged phone in evidence, and by denying his

---

[1] The defendant was found not guilty of an additional charge of assault and battery on a family or household member, in violation of G. L. c. 265, § 13M, arising from the same incident and the judge allowed the defendant's motion for a required finding of not guilty on a charge of intimidation of a witness, in violation of G. L. c. 268, § 13B.

request to introduce additional evidence after the trial had concluded.[2]  We affirm.

Background.  At the time of the incident, the defendant was living with his wife, N.S., and their three year old daughter in an apartment in Framingham.  The couple's relationship was tense.  They were in the process of divorcing, and the defendant had become frustrated upon learning that N.S. recently had hired an attorney.  On July 3, 2020, the two had an argument which began when the defendant became irritated over their daughter's crying and then escalated to the point where the defendant screamed in N.S.'s face, and then "head butted" her several times.  N.S. used her cell phone to video record the defendant, which angered him further.  The defendant then went to the kitchen and retrieved a meat tenderizer, which he used to smash the cell phone.  N.S. took the baby and fled to the home of a neighbor who called the police.  Framingham Police Officer James Green responded to the call and spoke with the defendant, who

---

[2] In his reply brief, the defendant contends for the first time that his statements to police on the day of the incident should have been suppressed because he was not advised of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). This issue was not seasonably raised in a pretrial motion to suppress under Rule 61 of the Rules of the Superior Court (1980).  See also Mass. R. Crim. P. 13, as appearing in 442 Mass. 1516 (2004).  As a result, we do not have an adequate basis on which we can address the claim.  Nevertheless, based on the evidence presented at trial, we discern no grounds for suppressing the statements.

stated that nothing had happened other than a loud argument. When asked specifically by the officer how N.S.'s cell phone became damaged, the defendant initially did not respond but then "offered to buy her [ N.S.] a new one [phone]." Officer Green described the cell phone as "beyond repair," and identified four photographs of the cell phone which were admitted in evidence. [Tr. 99]. At trial, N.S. testified that the cell phone was her "personal phone."

The defendant, who proceeded pro se at trial, testified on his own behalf. He denied hitting N.S. and claimed that the altercation between them never became physical. According to the defendant, he was the one who had initiated divorce proceedings, and the argument that day concerned custody of the couple's daughter. He claimed only "snatched" the cell phone, and that the phone was his personal property which he had obtained from a medical consulting company he formerly owned.

Discussion. 1. Sufficiency of the evidence. As relevant here, the crime of malicious destruction of property has four essential elements: the defendant injured or destroyed the property of another, did so willfully, and with malice, and the value of the property injured or destroyed was less than $1,200. See Commonwealth v. Deberry, 441 Mass. 211, 215 n.7 (2004). The defendant's argument concerns only the first element. He claims that the cell phone belonged to him and argues that because it

is not a crime to destroy one's own property, his motion for a required finding of not guilty should have been allowed.

In reviewing a denial of a motion for a required finding of not guilty, we ask "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). Notwithstanding the defendant's argument to the contrary, N.S.'s testimony is sufficient to have allowed the jury to find beyond a reasonable doubt that the cell phone belonged to her. See Commonwealth v. Santos, 100 Mass. App. Ct. 1, 3 (2021). To be sure, the jury was not required to credit N.S.'s testimony; they could have rejected it and instead credited the defendant's testimony that the cell phone belonged to him. Here, however, as evidenced by the verdict, the jury believed N.S.'s testimony. Furthermore, N.S.'s testimony was corroborated, in part, by the defendant's statement to the police in which he offered to purchase N.S. a new phone. The jury could draw a reasonable inference that the defendant would not offer to purchase N.S. a phone if the one he had destroyed did not belong to her.

2. Admissibility of the photographs of the cell phone. Four photographs depicting the cell phone after it had been damaged were introduced in evidence. The defendant filed a

4

motion in limine seeking to exclude the photographs on the ground that they could not be authenticated.  He now also claims that the photographs were irrelevant, inflammatory, and prejudicial.[3]

First, the photographs were authenticated.  As the Commonwealth notes in its brief, Officer Green's testimony was sufficient to establish that the photographs fairly and accurately represented the condition of the phone when he retrieved it from the defendant.  See Commonwealth v. Figueroa, 56 Mass. App. Ct. 641, 646 (2002).  Moreover, once the photographs were properly authenticated, any argument regarding their reliability went to the weight of the evidence, not its admissibility.  Commonwealth v. Meola, 95 Mass. App. Ct. 303, 313 (2019).

Second, the photographs were relevant as they corroborated N.S.'s testimony and tended to prove an essential element of the offense, that is, the destruction of property.  It was well within the discretion of the trial judge to determine that the photographs were probative and not, as the defendant contends,

---

[3] The Commonwealth argues that because the defendant did not object to the admission of the photographs on this basis, our review is limited to determining whether there was an error and, if so, whether it created a substantial risk of a miscarriage of justice.  Commonwealth v. Brum, 492 Mass. 581, 587 (2023). Given our conclusion there was no error, we need not decide which standard of review applies in the circumstances presented.

unduly prejudicial.  Commonwealth v. Anderson, 445 Mass. 195, 208-209 (2005).  Accordingly, there was no error.

3.  Denial of request to reopen evidence.  Lastly, the defendant contends that the judge abused his discretion by denying his request to reopen the evidence after both parties had rested, so that he could introduce the cell phone itself. We discern no abuse of discretion where, as here, the defendant provided no explanation for his failure to introduce the phone earlier, there was no witness present to authenticate the phone, and the probative evidentiary value of the phone was minimal in light of the fact that photographs of it were already in evidence.  See Commonwealth v. Moore, 52 Mass. App. Ct. 120, 126 (2001); Mass. G. Evid. § 611(f) (2023).

Judgment affirmed.

By the Court (Vuono, Shin & Toone, JJ.[4]),

Assistant Clerk

Entered:  May 15, 2024.

---

[4] The panelists are listed in order of seniority.