NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-953

COMMONWEALTH

vs.

JULIE A. CARLSON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the defendant was convicted of one count of larceny of property valued at $1,200 or less in violation of G. L. c. 266, § 30 (1). On appeal, the defendant argues that the trial judge (1) erred in denying her motion for a required finding of not guilty, (2) violated her right to present a complete defense by excluding testimony, and (3) erred in admitting the defendant's uncertified conviction records as impeachment evidence without properly balancing their probative value against their prejudicial effect. We affirm.

Background. We summarize the facts as the jury could have found them, reserving some details for later discussion. In May

2022, through an online advertisement, the victim hired the defendant to clean her home where she lives with two of her adult children and two grandchildren. The victim testified that the defendant cleaned the home twice without incident.

For the third visit, the defendant said she would arrive between 10 and 10:30 A.M. Instead, at 9:30 A.M., the defendant entered the victim's house unannounced, which the victim found "unusual." While beginning to clean, the defendant insisted that the victim could leave her in the house alone, to which the victim responded that she was not "comfortable." The victim said she would be in the garage. The defendant also asked if the victim was home alone and continually inquired if the victim's daughter was working in the basement. Although the victim instructed the defendant to clean only the first floor of the house, she found the defendant "a couple of times" on the second floor with the bedroom drawers open. She also once encountered the defendant in the living room with a desk drawer open. Finally, the victim testified that when the defendant went outside to smoke, she was "very aware" of the "Ring [Doorbell] system"[1] and asked the victim how it worked.

---

[1] "Ring Doorbell" is "one brand of doorbell security camera." United States v. Moore-Bush, 36 F.4th 320, 372 (1st Cir. 2022), cert. denied, 143 S. Ct. 2494 (2023).

2

After the defendant left the home, one of the victim's adult children discovered that a prescription acne medication worth around fifty dollars was missing. That evening, the victim also discovered "gray stuff" smelling of cigarette ash on her medication container. The next day, the victim discovered more missing items: a blank check from her checkbook, fifty dollars in gift cards, 500 euros, some clothes, and concert tickets. The victim called the Rochester police department to report the missing items and that the defendant was at the home the previous day cleaning the house. Some days later, the victim realized she was missing two rings that were last seen in a jar in the kitchen.

Discussion. 1. Sufficiency of the evidence. We review the evidence in the light most favorable to the Commonwealth to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979).[2] "Questions of credibility are to be resolved in the Commonwealth's favor, and circumstantial evidence is sufficient to establish guilt beyond a reasonable doubt." Commonwealth v. Miranda, 458 Mass. 100,

---

[2] The defendant moved for a required finding at the close of the Commonwealth's case, and the question before us rests solely on the state of the evidence at the close of the Commonwealth's case.

113 (2010), cert. denied, 565 U.S. 1013 (2011).  Additionally, "inferences a jury may draw from the evidence 'need only be reasonable and possible and need not be necessary or inescapable.'"  Commonwealth v. Linton, 456 Mass. 534, 544 (2010), quoting Commonwealth v. Lao, 443 Mass. 770, 779 (2005).

Larceny, under G. L. c.  266, § 30 (1), requires the Commonwealth to prove the "unlawful taking and carrying away of the property of another with the specific intent to deprive the person of the property permanently."  Commonwealth v. St. Hilaire, 470 Mass. 338, 343 (2015).  Here, the Commonwealth introduced evidence that the defendant entered the home early and unannounced, inquired if the victim was home alone, and encouraged the victim to leave the home while she cleaned. Additionally, the defendant was found multiple times where she was not supposed to be on the second floor with drawers open, once on the first floor with a drawer open, and cigarette ashes found on the victim's medicine container.  Taken together, a rational trier of fact could make a reasonable inference that the defendant took the victim's items, specifically intending to deprive her of them permanently.[3]

---

[3] Additionally, the defendant relies on Commonwealth v. Lois L., 59 Mass. App. Ct. 1101 (2003), an unpublished memorandum and order issued pursuant to our rule 1:23 (formerly rule 1:28), which is neither factually analogous nor binding.  In that case, there were two house cleaners, and the evidence was not

2.  Motion for mistrial.  The defendant argues that the trial judge abused her discretion by denying the defendant's motion for a mistrial after striking prejudicial testimony by the victim.  "The decision whether to declare a mistrial is within the discretion of the trial judge."  Commonwealth v. Torres, 86 Mass. App. Ct. 272, 280 (2014), quoting Commonwealth v. Bryant, 447 Mass. 494, 503 (2006).  "[I]n response to the jury's exposure to inadmissible evidence, the judge may correctly rel[y] on curative instructions as an adequate means to correct any error and to remedy any prejudice to the defendant" (quotation omitted).  Torres, supra.  Additionally, "[j]urors are presumed to follow a judge's clear instructions and disregard the testimony."  Commonwealth v. Auclair, 444 Mass. 348, 358 (2005).

At trial, defense counsel moved for a mistrial following an objection to the victim's testimony regarding the defendant's statements about the defendant's "ex-husband or husband" being in jail.  The judge sustained the objection and struck the testimony.  While the judge also denied the motion, she immediately provided the jury with a detailed curative instruction on the stricken testimony and how it should no longer be considered in their evaluation of the case.  "Where a

_____

sufficient to establish that Lois L., rather than the coworker, was the thief or that they acted as joint venturers.

5

party seeks a mistrial in response to the jury's exposure to inadmissible evidence, the judge may rely on curative instructions to correct any error and to remedy any prejudice. As long as the judge's instructions are prompt and the jury do not again hear the inadmissible evidence, as here, a mistrial is unnecessary" (citation omitted).[4] Commonwealth v. Garrey, 436 Mass. 422, 435 (2002).

3. Hearsay. The defendant points to several other hearsay statements all of which were stricken by the judge save two. The prosecutor each time asked the victim, in the jury's presence, to keep her testimony to her own personal observation. The judge also instructed the jury prior to the prosecutor's opening statement and again in her final instructions before deliberations that sustained objections are stricken from the record and must be disregarded. As to the stricken statements, we do not discern any prejudice. See Commonwealth v. Durand, 475 Mass. 657, 669 (2016), cert. denied, 583 U.S. 896 (2017).

---

[4] The defendant argues that the jury did hear the evidence again when the victim testified that the detective "ran the name" of the defendant, creating the inference that the defendant and her husband were a criminal family. This argument is unsupported by the record. Defense counsel objected and the judge sustained the objection. The prosecutor then reminded the witness in the presence of the jury to limit her testimony to her own personal observations. No evidence was presented as to the results when the detective "ran the name" and there was no prejudice.

For the remaining two hearsay statements, to which counsel did not object to at trial, we review for a substantial risk of a miscarriage of justice. See Commonwealth v. Silva, 431 Mass. 401, 405 (2000). Both statements involved the victim recounting her daughter's assertion that the defendant took the missing acne cream prescription.[5] However, considering the hearsay statements in context, it can readily be inferred that the failure to object was a reasonable tactical decision. See Commonwealth v. Alphas, 430 Mass. 8, 13 (1999) (when evaluating unpreserved trial errors for substantial risk of miscarriage of justice, it must be inferable "from the record that counsel's failure to object was not simply a reasonable tactical decision") (citation omitted). Both hearsay statements were followed by the victim stating that the cream was mostly likely lost in the daughter's messy bathroom, rather than stolen by the defendant. This testimony inserted doubt that the defendant stole an item rather than helped the Commonwealth prove its case, and did not create a substantial risk of a miscarriage of justice.

---

[5] The two specific statements were similar in nature. When recounting her daughter's reaction to the missing prescription, the victim testified that the daughter said "No, the cleaning lady took it," and again later repeated "No. The cleaning lady had to take it."

4.  Third-party culprit and Bowden defenses.  The defendant contends that she was unable to (1) assert a third-party culprit defense and (2) challenge the adequacy of the police investigation when the judge barred her from cross-examining the victim about her daughter's possible motive or intent to take the missing items.  See Commonwealth v. Bowden, 379 Mass. 472, 486 (1980).

In reviewing the exclusion of third-party culprit evidence, "[b]ecause the issue is one of constitutional dimension, we are not bound by an abuse of discretion standard, but rather examine the issue independently."  Commonwealth v. Moore, 480 Mass. 799, 807 (2018), quoting Commonwealth v. Conkey, 443 Mass. 60, 66-67 (2004).  "If the evidence is of substantial probative value, and will not tend to prejudice or confuse, all doubt should be resolved in favor of admissibility" (quotation omitted).  Commonwealth v. Silva-Santiago, 453 Mass. 782, 801 (2009).  The exclusion of evidence of a Bowden defense, however, is not an issue of constitutional dimension and "is examined under an abuse of discretion standard."  Id. at 804 n.26.  "Bowden evidence is admissible so long as its probative value is not substantially outweighed by its prejudicial effect."  Moore, 480 Mass. at 809 n.9.

Here, the judge properly prevented the defendant from cross-examining the victim about her adult daughter, who also

8

lived in the house, on her alleged substance use disorder. When "a defendant seeks to admit prior bad acts of an alleged third-party culprit, [she] must show that the acts of the other person are so closely connected in point of time and method of operation as to cast doubt upon the identification of [the] defendant as the person who committed the crime" (quotations and citations omitted). Commonwealth v. Wood, 469 Mass. 266, 276 (2014). The defendant offered no proof as to the daughter's connection to the crime, and the prior bad act itself was "too remote and speculative" to offer any substantive probative value. Silva-Santiago, 453 Mass. at 801, quoting Commonwealth v. Rosa, 422 Mass. 18, 22 (1996). For similar reasons, the prejudicial effect of the evidence substantially outweighed its probative value as to the Bowden defense, and the judge did not abuse her discretion in barring its introduction.

Moreover, the defendant was able to present evidence pertaining to the inadequacy of the police investigation. During cross-examination, Rochester police Lieutenant Donald Kemmett testified that he attempted and failed to contact the defendant for an interview, did not attempt to interview other residents or family members in the household, and did not physically visit the home. He also stated that the police did not take fingerprints, DNA samples, photos, or videos of the home, and he was not aware of any attempt to discover whether

9

the missing check was ever cashed. "Thus, where the issue of an inadequate investigation was fairly before the jury, the defendant suffered no prejudice from the exclusion of the proffered evidence." Wood, 469 Mass. at 278.

5. Prior conviction records. "Pursuant to G. L. c. 233, § 21, the prior convictions of a witness, including the defendant, are admissible for impeachment purposes. Prior convictions may be introduced in the discretion of the judge, who weighs the danger of unfair prejudice that might result from the admission of such evidence against its probative value for impeachment purposes." Commonwealth v. Brown, 451 Mass. 200, 202-203 (2008). Although the defendant did not testify and the convictions were never admitted, she may challenge the judge's ruling. See Commonwealth v. Crouse, 447 Mass. 558, 564 (2006). On appeal, we review the record to determine whether the judge abused her discretion by indicating that she would allow some of the defendant's prior convictions to be used for impeachment purposes if the defendant chose to testify. See Brown, 451 Mass. at 203.

During the motion in limine hearing immediately prior to trial, the Commonwealth presented over twenty of the defendant's prior convictions that it wished to introduce for impeachment purposes. The judge reviewed the convictions, heard arguments from both parties, and then listed the convictions that the

10

Commonwealth could introduce for impeachment purposes if the record could be properly certified.[6] During trial, the defendant chose not to testify and none of the prior convictions were introduced for impeachment.

The defendant's argument that the judge admitted the uncertified convictions is not supported by the record before us. The judge was mindful to clarify that a Board of Probation Court Activity Record is not "necessarily accurate," and that the admission of any prior conviction was conditional on the Commonwealth's ability to obtain certified docket sheets.[7] See Commonwealth v. Podoprigora, 46 Mass. App. Ct. 928, 929 (1999) (docket sheets are considered "prima facie evidence of the facts recorded therein").

Additionally, the defendant asserts that the judge did not perform the required balancing test and instead admitted all convictions that fit within the allowed statutory timeline specified in G. L. c. 233, § 21. As previously stated, the judge performed a comprehensive review of the prior convictions

---

[6] The defendant contends that the judge was going to permit the introduction of eight prior convictions while the Commonwealth contends it was seven. The difference is not material to our determination.

[7] On appeal, the defendant did not provide this court with a full list of the prior convictions that the judge considered for admission at the motion in limine hearing.

before announcing her decision.  She agreed that several convictions were potentially admissible, but she also excluded several others.  Without any more information on the specific convictions that were allowed versus the convictions that were denied, on the record before us the judge decided admissibility on a conviction-by-conviction basis, and we discern no abuse of discretion.  See Crouse, 447 Mass. at 565-566.

Finally, the defendant claims that some of the past convictions provisionally admitted for impeachment were too close in nature to the crime she is accused of at trial, thus imposing a prejudice that deterred her from testifying to her defense.[8]  The defendant identified four past convictions that in her view were substantially similar to larceny:  receiving stolen property, shoplifting by concealing, knowingly receiving stolen property, and unarmed robbery.

As an initial matter, all four of the charges that the defendant identified are distinguishable enough from the larceny alleged here that there is little risk for prejudice as compared to probative effect.  See Commonwealth v. Paulding, 438 Mass. 1, 12 (2002), quoting Commonwealth v. Leftwich, 430 Mass. 865, 869

---

[8] In an additional argument, the defendant invites us to overhaul well-established law about the admission of prior convictions for impeachment and cites to academic articles detailing the prejudicial effects of this practice.  We decline this invitation.

12

(2000) ("Generally, in order for the prejudicial effect to outweigh the probative value of prior conviction evidence, the 'prior conviction must be <u>substantially similar</u> to the charged offense'").  Moreover, although the defendant has a right to testify, "[she] does not have a right to testify free of the effects of impeachment by prior conviction."  <u>Commonwealth</u> v. <u>DeBerry</u>, 441 Mass. 211, 225 (2004).  Accordingly, we discern no abuse of discretion in the judge's evaluation and conditional admission of the defendant's prior convictions.

<u>Judgment affirmed</u>.

By the Court (Massing,
 Henry & Grant, JJ.[9]),

<i>Paul Little</i>

Clerk

Entered:  May 20, 2025.

---

[9] The panelists are listed in order of seniority.