Rescript Opinions.

COMMONWEALTH *vs.* TERRANCE SHEA. June 25, 1976. 1. The evidence that the defendant and his companion matched the descriptions of two persons who at 12:45 A.M. had left the alley where the attempted break had been made, that they were unable to comply with the request of the arresting officers to produce a license or a registration for the car (which was being removed from the scene), that when the arresting officers radioed in the registration number of the car they received back a report that the car had not been reported stolen, and that when the arresting officers then radioed in the vehicle identification number of the car they received back a report that the car had been reported stolen (as in fact it had) from the Lower Basin, M.D.C., justified an inference that the police had probable cause to believe the car was stolen and constituted justification for entering it and taking it into custody. See *Commonwealth* v. *Haefeli*, 361 Mass. 271, 281 (1972); *Commonwealth* v. *Dupont*, 2 Mass. App. Ct. 566, 567-571 (1974). The alleged burglar tools were then in plain view, and their seizure was lawful. *Commonwealth* v. *Appleby*, 358 Mass. 407, 411-412 (1970). *Commonwealth* v. *Navarro*, 2 Mass. App. Ct. 214, 222 (1974). *Commonwealth* v. *Pignone*, 3 Mass. App. Ct. 403, 410 (1975). Contrast *Commonwealth* v. *Silva*, 366 Mass. 402, 409-410 (1974). For that reason it is not necessary to discuss the question whether the defendant would have had standing to challenge the validity of the entry into the car and the seizure of the tools if either had been unlawful. See *United States* v. *Jeffers*, 342 U.S. 48 (1951); *Jones* v. *United States*, 362 U.S. 257 (1960); *Alderman* v. *United States*, 394 U.S. 165 (1969); *Brown* v. *United States*, 411 U.S. 223 (1973); *United States* v. *Lisk*, 522 F.2d 228, 230 (7th Cir. 1975), cert. den. 423 U.S. 1078 (1976). 2. The portion of the judge's charge to which the defendant excepted was clarified by supplementary instructions to which the defendant made no further objection. He is "now in no position to contend that the further instructions were inadequate." *Betty Corp.* v. *Commonwealth*, 354 Mass. 312, 321 (1968), and cases cited. 3. The statements by the defendant and his companion at the scene of the tow truck altercation were not objectionable; the questions asked by the police, although directed at the defendant and his companion, were investigatory only and were not custodial, and the Miranda warnings were not required. *Commonwealth* v. *Valliere*, 366 Mass. 479, 486 (1974), and cases cited. 4. Having found preliminarily that there was evidence of a conspiracy, the judge correctly allowed the companion's statement as an admission by a co-conspirator. *Commonwealth* v. *Flynn*, 362 Mass. 455, 476-477 (1972), and cases cited. *Commonwealth* v. *Dominico*, 1 Mass. App. Ct. 693, 717 (1974). *Commonwealth* v. *Dussault*, 2 Mass. App. Ct. 321, 326 (1974). 5. The references by the police officer to the effect that the car was stolen and that the defendant had been so charged were, to whatever extent they were improper, rendered harmless by the judge's curative instructions.

*Judgments affirmed.*

*Robert S. Potters* for the defendant.
*Roger A. Emanuelson*, Assistant District Attorney, for the Commonwealth.