COMMONWEALTH *vs.* FREDERICK A. SHEFFIELD. August 11, 1980. The defendant appeals from a conviction of assault with intent to rape. We affirm.

1. There was no error in the denial of the defendant's motion to suppress the victim's photographic and in-court identifications of him on the ground that the photographic arrays were impermissibly suggestive. The three arrays were introduced in evidence for purposes of the motion to suppress. They consisted respectively of ten, five, and forty to fifty photographs of black males. The victim selected the photograph of the defendant in each array as the man who had assaulted her. The judge examined the arrays and made an appropriate analysis of the "totality of the circumstances" surrounding the identification. See *Commonwealth* v. *Botelho*, 369 Mass. 860, 867, 869 (1976). His conclusion that the defendant failed to sustain the burden of proving that the photographic viewings had been impermissibly suggestive was warranted by the evidence and supported by his subsidiary findings. Neither the fact that there were three separate arrays nor the fact that the defendant's photograph may have shown a somewhat stockier figure than other photographs in the arrays is sufficient to show impermissible suggestiveness. See *Commonwealth* v. *Napolitano*, 378 Mass. 599, 603-605 (1979). See also *Commonwealth* v. *Clark*, 378 Mass. 392, 399-400 (1979); *Commonwealth* v. *Jones*, 9 Mass. App. Ct. 83, 89-90 (1980).

2. There was no error in the judge's conclusion that the victim's unplanned identification of the defendant in the general waiting area of the Brookline Muncipal Court was not suggestive. See *Commonwealth* v. *Rodriguez*, 6 Mass. App. Ct. 738, 747 B-6 (1978), S.C., 378 Mass. 296, 305 (1979). See also *Commonwealth* v. *Cincotta*, 379 Mass. 391, 394-395 (1979); *Commonwealth* v. *Wheeler*, 3 Mass. App. Ct. 387, 390-392 (1975).

Moreover, the judge's additional finding that the Commonwealth had satisfied the burden of establishing by clear and convincing evidence that there was an adequate independent basis for an in-court identification, namely the victim's observation of the defendant in the well lighted garage at the time of the incident, was warranted. *Commonwealth* v. *Botelho*, 369 Mass. at 868. *Commonwealth* v. *Venios*, 378 Mass. 24,

27, 30 (1979). *Commonwealth* v. *Correia,* 381 Mass. 65, 77-78 (1980).

3. At trial, the defendant objected that the definition of unnatural sexual intercourse used in the judge's charge was too broad in that the definition included "lustful and deviant sexual conduct." The judge gave supplementary instructions and asked the defendant's counsel whether the subsequent clarification was satisfactory. Counsel replied in the affirmative. The failure to renew objections after the supplementary instruction and the acquiescence in the amended charge by his counsel leaves the defendant "in no position to contend that the further instructions were inadequate." *Betty Corp.* v. *Commonwealth,* 354 Mass. 312, 321 (1968). *Commonwealth* v. *Shea,* 4 Mass. App. Ct. 823 (1976). See Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979). No risk of a miscarriage of justice has been shown on the record before us. See *Commonwealth* v. *Freeman,* 352 Mass. 556, 563-564 (1967).

*Judgment affirmed.*

*Robert L. Sheketoff* for the defendant.
*Charles J. Hely,* Assistant District Attorney, for the Commonwealth.