COMMONWEALTH *vs.* FRANCIS PERRON, JR. January 26, 1981. The defendant was found guilty of breaking and entering in the nighttime with the intent to commit a felony, G. L. c. 266, § 16, and of assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A. He appealed from both judgments, but the sole error he alleges and argues is the

denial of his motions for a directed verdict on the indictment under c. 266, § 16. The motions were based on the contention that the evidence demonstrated that at the time of the actual breaking and entering, the defendant intended only to commit a simple assault and battery, a misdemeanor (G. L. c. 265, § 13A), and not a felony of assault and battery by means of a dangerous weapon. The Commonwealth was required to prove the specific intent with which the defendant committed the breaking and entering. *Commonwealth* v. *Wygrzywalski*, 362 Mass. 790, 792 (1973). There was no error in denying the motions. *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979).

The victim of the defendant's crimes, Arthur LaCosse, and one David Reynolds resided in the first floor apartment of a three-family house in which the defendant's stepmother, Patricia Perron (Patricia), occupied the third-floor unit. The door to LaCosse's apartment was off the first-floor common hallway, and it opened into his living room. A wooden coat rack was situated in the hallway next to the door to the victim's apartment. On the morning of November 15, 1978, the defendant and his brother went to the Merit Car Wash where Patricia, LaCosse and Reynolds all worked. The defendant argued with Reynolds about a fight between Reynolds and Patricia. The defendant and his brother then left, only to return that afternoon with an additional brother. The defendant renewed his earlier argument with Reynolds and tried to hit him. When the manager of the car wash asked the defendant and his brothers to leave, the defendant struck him. When told to call the police for assistance, Patricia refused, and LaCosse made the call. The police, however, arrived after the defendant and his brothers had left. The manager fired Patricia, who immediately left the premises. Later that day she telephoned Reynolds at the car wash and told him that if he or LaCosse returned home, they would "both be dead."

About 7:30 P.M., LaCosse returned to his home without Reynolds and locked his door behind him. While seated in his living room watching television LaCosse heard voices and noise in the hallway. When he heard loud kicking at his door, LaCosse went into another room and armed himself with the handle of a garden shovel. He returned to the living room to see wood flying from the door as it crashed open, and the defendant and his two brothers, and Patricia entering. LaCosse demanded that they leave; they were cursing and saying, "Get him, get him," and "Kill the bastard." Patricia told the defendant to "get the coat rack," which he did. The group surrounded LaCosse, and the defendant beat him with the coat rack while Patricia repeatedly urged that the defendant "hit him some more."

There was sufficient evidence from which the jury could infer that, when the defendant kicked down the door and entered the apartment with the others, he did so with the intent to beat LaCosse with a dangerous weapon. The jury could reasonably conclude that the defendant knew the coat rack was within his immediate reach and that he in-

tended to use it or any other readily available instrument with which he could inflict bodily injury. See *Commonwealth* v. *Appleby*, 380 Mass. 296, 304-305 (1980). The requisite felonious intent may be inferred from the actual commission of the felonious act, cf. *Commonwealth* v. *Hersey*, 2 Allen 173, 179 (1861), as well as "from the circumstances attending the act, and from the conduct and declarations of the defendant." *Commonwealth* v. *Shedd*, 140 Mass. 451, 453 (1886). *Commonwealth* v. *Lewis*, 346 Mass. 373, 377-378 (1963), cert. denied, 376 U.S. 933 (1964). The motions were properly denied.

*Judgments affirmed.*

*Richard M. Welsh* for the defendant.
*Phillip E. Shea*, Assistant District Attorney, for the Commonwealth.