COMMONWEALTH VS. GEOFFREY BELLE ISLE.[1]

No. 96-P-1586.

Norfolk. October 21, 1997. - January 28, 1998.

Present: WARNER, C.J., KASS, & LENK, JJ.

*Intimidation of Witness. Statute,* Construction. *Due Process of Law,* Vagueness of statute. *Practice, Criminal,* Instructions to jury.

The plain language of the witness intimidation statute, G. L. c. 268, § 13B, and the legislative history of the statute, do not require that there be an ongoing criminal proceeding for the statute to be applicable to conduct that interferes with any person furnishing information to a criminal investigator relating to a criminal violation. [228-229]

Evidence at the trial of a complaint for violation of the witness intimidation statute, G. L. c. 268, § 13B, to the effect that the defendant interrupted his assault of his brother-in-law in order to prevent his sister-in-law from calling the police by ripping the telephone cord from the wall, was sufficient to warrant the jury to find that the defendant had, in violation of the statute, forcefully interfered with her attempt to furnish information to the police. [229-230]

General Laws c. 268, § 13B, the witness intimidation statute, was not demonstrated to be void for vagueness, where the term "criminal investigator" appearing therein would be understood by persons of reasonable intelligence to include a police officer receiving information from an individual witnessing a crime in progress. [230-231]

There was no merit to a criminal defendant's claim that the judge's correct instructions to the jury on the relevant portion of the witness intimidation statute, G. L. c. 268, § 13B, confused the jury; further, no substantial risk of a miscarriage of justice was created by the judge's reading the statute in its entirety to the jury in a supplemental charge. [231-232]

COMPLAINT received and sworn to in the Dedham Division of the District Court Department on October 18, 1995.

On transfer to the jury session of the Norfolk Division, the case was tried before *Kathleen E. Coffey,* J.

*Pamela A. Morris* for the defendant.

---

[1]The defendant's name was incorrectly spelled "Belleisle" in prior proceedings.

*Catherine Cappelli*, Assistant District Attorney, for the Commonwealth. .

LENK, J. The defendant appeals his conviction by a jury under the witness intimidation statute, G. L. c. 268, § 13B. The defendant was also convicted of one charge of assault and battery, which he does not appeal. The defendant was acquitted of additional charges of assault and battery, assault with a dangerous weapon, and threats to commit a crime against a police officer. In appealing his conviction under c. 268, § 13B, the defendant challenges the judge's denial of his motion for a required finding of not guilty, and contends that the judge's instructions to the jury deprived him of a fair trial.

1. *Facts.* Viewing the evidence presented at trial in the light most favorable to the prosecution, the jury could have found the following facts. Ralph Petraglia lived with his wife Diane and their three children in the home of Ms. Petraglia's parents. Ms. Petraglia's sister Janice and her husband, defendant Geoffrey Belle Isle, also shared the family residence. On September 21, 1995, the defendant arrived home, entering the house through the living room, where the Petraglias and two of their children were having dinner. The defendant briefly went into the kitchen, then returned to the living room, where he physically attacked his brother-in-law, Ralph Petraglia.

After trying unsuccessfully to stop the assault on her husband, Diane Petraglia stated that she was going to call the police, went into the adjoining dining room, and picked up the telephone. Janice followed her sister into the dining room and placed her finger on the phone hook to disconnect the call. The defendant temporarily stopped beating Ralph Petraglia, entered the dining room, and severed the phone cord from the wall. He then returned to the living room, where he continued to attack Ralph Petraglia.

Diane Petraglia left the house with her two children and went to a neighbor's house to call the police. The defendant subsequently left the residence, departing just as the police were arriving. The police entered the residence and found Ralph Petraglia lying on the floor in a fetal position, bleeding and bruised. Mr. Petraglia stated that his brother-in-law, Geoffrey Belle Isle, had attacked him. Two policemen followed the defendant, and arrested him without resistance.

The defendant admitted to attacking his brother-in-law and pulling the phone cord from the wall with enough force to sever

it. However, he denied that he was trying to stop Diane Petraglia from calling the police. He explained that the Petraglias' older daughter had been making trouble for him by telephoning his son from a former relationship, and that he had disconnected the telephone to stop that contact.

2. *Denial of a required finding of not guilty.* The defendant contends that the judge erred in denying his motion for a required finding of not guilty because (a) there was no evidence of an ongoing criminal investigation at the time he pulled the phone cord from the wall, and (b) there was insufficient evidence that he acted with the requisite intent or used the requisite force to intimidate a witness.

(a) *Ongoing criminal proceeding.* We have held that the purpose of the witness intimidation statute, in part, is to prevent interference with the administration of justice.[2] *Commonwealth* v. *Burt*, 40 Mass. App. Ct. 275, 277 (1996). *Commonwealth* v. *Rondeau*, 27 Mass. App. Ct. 55, 59 (1989). To that end, the statute has two distinct branches — a "witness" branch and a "furnishing information" branch. *Commonwealth* v. *Burt*, 40 Mass. App. Ct. at 275 n.1, 277, 278.

In what is essentially a grammatical argument, the defendant contends that because the "witness" branch of the statute refers to a trial or other criminal proceeding, the statute should not apply to him because there was no ongoing criminal investigation at the time he severed the phone cord from the wall.[3] Neither the plain language of the statute nor the legislative history supports the defendant's interpretation.

The language of the witness intimidation statute has two distinct branches, separated by the word "or." The statute may be applied either to witnesses and jurors in ongoing criminal proceedings, *or* to any person furnishing information to a criminal investigator relating to a crime. *Commonwealth* v. *Burt, supra.* Where the statutory language is clear, the courts

---

[2]General Laws c. 268, § 13B, as appearing in St. 1990, c. 369, states, in pertinent part, "Whoever, directly or indirectly, willfully endeavors . . . by misrepresentation, intimidation, force or threats of force to influence, impede, obstruct, delay or otherwise interfere with any witness or juror in any stage of a trial or other criminal proceeding or with any person furnishing information to a criminal investigator relating to a violation of a criminal statute of the commonwealth . . . shall be punished."

[3]The defendant was not charged with the common-law crime of obstruction of justice, which does require interference with a witness at a criminal trial. *Commonwealth* v. *Triplett*, 426 Mass. 26 (1997).

must impart to the language its plain and ordinary meaning. *Enos* v. *Correia*, 38 Mass. App. Ct. 318, 322 (1995).

As originally enacted G. L. c. 268, § 13B, specifically prohibited interference "with any person furnishing information . . . to a person conducting a criminal investigation." St. 1969, c. 460. However, the Legislature expanded the statute the following year to prohibit interference with "any person furnishing information to a criminal investigator relating to a violation of a criminal statute of the commonwealth." St. 1970, c. 177. The amended statute specifically defined criminal investigator as "an individual . . . lawfully authorized by a department or agency of the commonwealth . . . to conduct, or engage in, an investigation of, or prosecution for, a violation of the laws of the commonwealth in the course of his official duties." This history indicates that the Legislature intended the statute as amended to include furnishing information to a police officer at any stage of a criminal investigation. The defendant's contention that the "furnishing information" branch is inapplicable absent an ongoing trial or criminal proceeding is not supported by the language of the statute or the legislative history.

(b) *Sufficiency of the evidence.* The defendant further contends that the trial judge erred in denying his motion for a required finding of not guilty because the evidence was insufficient to establish that he acted with the requisite intent or used the requisite force to intimidate a witness.

In reviewing the sufficiency of the evidence at trial, we must look at the evidence in the light most favorable to the Commonwealth to determine whether any rational jury could have found the essential elements of the crime beyond a reasonable doubt. *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979), *S.C.*, 423 Mass. 129 (1996). All that is required is that the evidence and permissible inferences be "of sufficient force to bring minds of ordinary intelligence and sagacity to the persuasion of [guilt] beyond a reasonable doubt." *Id.* at 676 (citations omitted).

The elements of the crime of attempting to intimidate a witness include endeavoring to interfere with a person through the use of intimidation, force, or threat of force; therefore, the Commonwealth has the burden of production and persuasion as to those matters. *Commonwealth* v. *Rondeau*, 27 Mass. App. Ct. at 55. The statute punishes a wilful endeavor to intimidate a person through the use of force. We have previously observed

that " 'endeavor' connotes a somewhat lower threshold of purposeful activity than 'attempt.' " *Id.* at 61 (citations omitted). In *Rondeau*, the defendant argued that the prosecution had failed to prove the requisite intent because the defendant had approached the wrong person by mistake, and had not actually approached the witness. We held that the statute did apply because, by using the word "endeavor," the Legislature had demonstrated its intent to punish any wilful conduct that amounted to an effort to interfere with a potential witness. *Id.* at 60.

In the present case, the jury could have found that, in the course of witnessing and unsuccessfully trying to stop a violent attack on her husband, Diane Petraglia announced her intent to call the police, and left the room to go to a telephone. The jury could further have found that Diane's sister followed her from the room to attempt to prevent her from making the call. Geoffrey Belle Isle's testimony confirmed that he interrupted his attack long enough to follow the women into the adjoining room and rip the telephone cord out of the wall. A reasonable jury could have found that by following Diane Petraglia from the room when she stated she was going to call the police, and using force to sever the phone cord from the wall, Geoffrey Belle Isle forcefully interfered with his sister-in-law's attempt to furnish information to the police concerning a violation of a criminal statute of the Commonwealth.

3. *Void for vagueness.* The defendant claims that the statute is too vague to permit a person of ordinary intelligence to know that the definition of a criminal investigator includes a police officer who has been called to investigate a crime in progress. We disagree.

First, there is no indication that the defendant raised this argument below, although he now argues that it was implied in his contention that the intimidation statute is inapplicable in the absence of an ongoing criminal proceeding. To the extent that the defendant did not raise the issue in the trial court, we do not consider it on appeal. See *Commonwealth* v. *Rondeau*, 27 Mass. App. Ct. at 62-63; *Commonwealth* v. *Bibby*, 35 Mass. App. Ct. 938, 942 (1993).

However, the defendant's argument must fail in any event because he has not shown that the statute was vague either on its face or as applied to him. A law is void for vagueness if "persons of common intelligence must necessarily guess at its

meaning and differ as to its application." *Doe* v. *Superintendent of Schs. of Worcester*, 421 Mass. 117, 134 (1995) (citations omitted). In the present case, the language of the statute is clear, and the definition of "criminal investigator" should have alerted a person of reasonable intelligence that it would include a police officer receiving information from an individual witnessing a crime in progress.

4. *The jury instructions.* The defendant contends that he is entitled to a new trial because the judge's instructions concerning the witness intimidation statute confused the jury. There is no merit to this claim.

The trial judge first instructed the jury on the relevant portion of the witness intimidation statute, i.e., the branch concerning endeavors to interfere with a person furnishing information to a criminal investigator. The defense objected, requesting that the jury hear the entire statute, including the language concerning the intimidation of a witness or a juror in a trial or criminal proceeding. The judge then read the statute to the jury in its entirety. When, during deliberations, the jury requested that the intimidation statute be re-read, the judge once again read it in its entirety.

The defendant relies on *Commonwealth* v. *Conley*, 34 Mass. App. Ct. 50 (1993), in which the judge's original instructions omitted the requirement that the Commonwealth prove the use of intimidation, force, or threat of force to endeavor to influence a witness. That is not the case here, where the judge accurately read and explained the relevant portion of the statute and then, at the defendant's request, read the statute to the jury in its entirety. Unlike *Conley*, the jury in this case did not receive conflicting information from the supplemental charge.

Furthermore, the defendant made no objection following the supplemental instructions. By failing to object to the supplemented charge, the defendant is "in no position to contend that the further instructions were inadequate." *Commonwealth* v. *Kelley*, 21 Mass. App. Ct. 912, 914 (1985) (citations omitted).

Nor do we perceive a substantial risk of a miscarriage of justice. The Commonwealth had not limited its complaint to the "furnishing information" branch of the statute. When the defendant challenged the judge's initial instructions, the judge read the entire statute to the jury, giving the jury complete instructions on every element. We must presume that the jury followed the judge's instructions. *Commonwealth* v. *Costello*, 36 Mass. App. Ct. 689, 696 (1994).

The defendant's judgment of conviction under the witness intimidation statute is affirmed.

*So ordered.*