Following a jury trial in the Superior Court, the defendant, Mark D. DeGrace, Jr.,[2] was convicted of assault and battery by means of a dangerous weapon and two counts of intimidation of a witness.[3] DeGrace appeals from all the convictions, claiming only that the evidence was insufficient as to one count of intimidation of a witness. We affirm.
Background. Viewing the evidence in the light most favorable to the Commonwealth, Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), the jury could have found the following facts. Nelson Gonzalez and his fiancée, Desire Littleton, lived with Desire's[4] brother, Martin Littleton, in Hyannis. On February 5, 2016, around 5:30 P.M., while Gonzalez, Desire, and Martin were home, DeGrace arrived and tried to gain entry into the house. DeGrace banged on the back door and tried to come in through the window. Martin let him in and they started arguing. Desire called the police.
The next day, Gonzalez was walking from the house to his friend's car, an Acura, as DeGrace drove up to the house in a Subaru auto. DeGrace parked the Subaru, blocking the Acura, rolled down his windows, and asked Gonzalez "why you all" would not let him in the house. Gonzalez did not respond and walked toward the passenger side of the Acura. When Gonzalez saw DeGrace pull out a baseball bat from the Subaru, he began to run. DeGrace struck Gonzalez on the left side of his head. DeGrace returned to his car and stated, "I'm going to get you one by one." Meanwhile, Desire, who was in the house during the incident, heard Martin yelling. She went to the living room and looked out the window. She saw DeGrace get into the Subaru and drive away. Gonzalez and Desire eventually drove to the Cape Cod Hospital.
Three Barnstable police officers were dispatched to the Littleton residence, including Officer Corbin Fries and Officer Sean Roycroft. They spoke with Martin about the incident. Officer Fries went to the hospital where he saw Desire and Gonzalez. Desire appeared to be shaking. Eventually, Gonzalez admitted to being assaulted by DeGrace.
Afterward, Officer Fries arrested DeGrace during a traffic stop. When DeGrace was arrested, he stated, "Whoever called you, tell them to meet me in my cell." During booking, Officer Roycroft saw DeGrace making a telephone call. During the call, DeGrace stated, "I only get myself into trouble that I know I can get myself out of." DeGrace then made a punching motion and stated, "I'm going to kill those mother fuckers."
Discussion. Sufficiency of the evidence. DeGrace argues that the evidence was insufficient to prove the charge of witness intimidation as to Desire Littleton.[5] In reviewing the denial of a motion for a required finding of not guilty, we "look at the evidence in the light most favorable to the Commonwealth to determine whether any rational jury could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Belle Isle, 44 Mass. App. Ct. 226, 229 (1998).
"Conviction of witness intimidation under G. L. c. 268, § 13B, requires the Commonwealth to prove beyond a reasonable doubt that '(1) the target of the alleged intimidation was a witness in a stage of a criminal proceeding, (2) the defendant wilfully endeavored or tried to influence the target, (3) the defendant did so by means of intimidation, force, or threats of force, and (4) the defendant did so with the purpose of influencing the complainant as a witness.' " Commonwealth v. Robinson, 444 Mass. 102, 109 (2005) (footnote omitted), quoting from Commonwealth v. McCreary, 45 Mass. App. Ct. 797, 799 (1998). "[A]n 'action does not need to be overtly threatening to fall within the meaning of "intimidation." ' " Commonwealth v. Cohen (No. 1), 456 Mass. 94, 124 (2010), quoting from Commonwealth v. Casiano, 70 Mass. App. Ct. 705, 708 (2007). Instead the jury may consider "[t]he place, time, and circumstances" of the intimidating conduct. Commonwealth v. McCreary, supra at 800. Moreover, it is not "necessary to establish that the intimidation was successful in the sense that the target of the intimidating conduct was actually frightened and made reluctant to testify." Commonwealth v. Rivera, 76 Mass. App. Ct. 530, 535 (2010).
Here, it was reasonable for the jury to find that DeGrace intended his comments to interfere with Desire's participation in the criminal proceedings. Desire made the initial telephone call to the police the day before the assault. DeGrace returned the following day, stating that he would "get you one by one." The jury could reasonably infer that "you" also included Desire. It is of no consequence that DeGrace did not know that Desire was in the house at the time that the statement was made. Indeed, threats communicated to a third party need not reach the intended target. See Commonwealth v. Valentin V., 83 Mass. App. Ct. 202, 206 (2013) ("[A] defendant may act 'directly or indirectly,' and the focus here ... is on the defendant's actions and intentions, not the victim's reaction"). And, while this statement alone is sufficient to support the conviction, the time, place, and context of DeGrace's statements during and after his arrest further bolsters this conclusion. See Commonwealth v. Robinson, 444 Mass. at 111.
Judgments affirmed.

Although the defendant's surname is spelled "Degrace" in his brief, we adhere to the spelling "DeGrace" (with a capital "G") that appears in the indictments.

The defendant was also indicted on a third count of intimidation of a witness, three counts of threatening to commit a crime, and two counts of trespass. Prior to trial, the Commonwealth entered a nolle prosequi on the third count of witness intimidation, one count of threatening, and both counts of trespass. At the conclusion of the Commonwealth's case, the judge allowed the defendant's motion for required findings as to the two remaining counts of threatening.

As the Littletons share a surname, we use first names to avoid confusion.

DeGrace does not challenge the witness intimidation conviction regarding Gonzalez. He also raises no argument as to the charge of assault and battery by means of a dangerous weapon. We affirm those convictions without further discussion.