A Superior Court jury convicted the defendant of breaking and entering in the daytime with the intent to commit a felony, G. L. c. 266, § 18 ; malicious destruction of property over $250, G. L. c. 266, § 127 ; assault and battery, G. L. c. 265, § 13A(a ) ; threating to commit a crime, G. L. c. 275, § 2 ; and intimidation of a witness, G. L. c. 268, § 13B.[2] The defendant now appeals arguing that the Commonwealth failed to sustain its burden at trial for three of the convictions and that the prosecutor's closing argument created a substantial risk of a miscarriage of justice. We reverse the judgment as to malicious destruction of property over $250, set aside that verdict, and remand the matter for entry of a judgment against the defendant on the lesser included offense of malicious destruction of property $250 or under. We otherwise affirm the remaining judgments.
Background. We summarize the evidence at trial relevant to this appeal in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979). On February 21, 2013, the victim returned home from work to find the bottom half of her front door kicked in. The victim called the police and her sister-in-law. After ending her telephone calls, the victim heard knocking on her back door. Upon looking through the window, the victim saw the defendant standing in front of the back door. The defendant began shouting and threatening to kill the victim because he believed she "took his money." As the victim approached the door, the defendant kicked in the back door. The victim attempted to flee to the front door, but the defendant grabbed her by the neck. While continuing to shout threats against the victim's life, the defendant pushed the victim into a wall and threw her down to the ground. While the victim was on the ground, the defendant kicked her repeatedly and was screaming that he was going to kill her.
The victim's sister-in-law then entered the victim's home and saw the defendant standing over the victim. When the defendant saw the victim's sister-in-law, he pushed the victim away, took the victim's cellular telephone (cell phone) from her, and left through the broken front door. The sister-in-law called the police who arrived shortly thereafter and began their investigation. Officers soon located the defendant about two to three blocks away and brought him back to the victim's home, where the victim identified the defendant as her attacker. While being booked, the police found three cell phones on the defendant's person.
1. Sufficiency of the evidence. The defendant claims that his convictions for breaking and entering with intent to commit a felony, malicious destruction of property over $250, and intimidation of a witness must be reversed because there was insufficient evidence to prove an element of each offense. In considering claims of insufficient evidence, this court reviews the evidence in the light most favorable to the Commonwealth to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Latimore, supra at 677. We review each conviction in turn.
a. Breaking and entering with intent to commit a felony. The defendant contends that the evidence at trial was insufficient to prove the element of intent to commit the felony of assault and battery by means of a dangerous weapon upon his entry into the victim's home. "The 'intent to commit a felony' is an essential element of the crime ... [of] breaking and entering in the daytime with intent to commit a felony." Commonwealth v. Walter, 40 Mass. App. Ct. 907, 909 (1996) (quotation omitted). The intent must exist at the time of the breaking and entering. See Commonwealth v. Graham, 62 Mass. App. Ct. 642, 645-646 (2004).[3] Here, the jury could have readily inferred such intent from the defendant's statements prior to entry and from his actions while inside the house. See Commonwealth v. Perron, 11 Mass. App. Ct. 915, 917 (1981), quoting from Commonwealth v. Shedd, 140 Mass. 451, 453 (1886) ("The requisite felonious intent may be inferred from the actual commission of the felonious act, as well as 'from the circumstances attending the act, and from the conduct and declarations of the defendant' " [citation omitted] ).
The victim's testimony that she heard the defendant threaten to kill her immediately before he broke into her house permitted the jury to reasonably infer that the defendant formed the necessary intent at the requisite time. Additionally, the jury could have inferred intent based on the defendant's actual attack on the victim. While there was evidence that the defendant wanted only to collect his paycheck at the time he broke into the victim's house, "it is the province of the jury to resolve the discrepancy [among the conflicting interpretations of the evidence] and 'determine where the truth lies.' " Commonwealth v. Platt, 440 Mass. 396, 401 (2003) (quotation omitted). The Commonwealth therefore provided sufficient evidence to establish the defendant's intent to commit the felony of assault and battery by means of a dangerous weapon. The motion for a required finding of not guilty was properly denied as to this count.
b. Malicious destruction of property over $250. The defendant argues that the judge erred in denying his motion for a required finding of not guilty for the felony offense of malicious destruction of property valued over $250. Under G. L. c. 266, § 127, it is the value of the property destroyed that distinguishes a felony conviction from a misdemeanor conviction. Commonwealth v. Beale, 434 Mass. 1024, 1025 (2001). "[W]here damage is caused to a portion of the property as a whole and may be replaced or repaired, the value of the property is to be measured by the pecuniary loss, in this case the reasonable cost of repair necessitated by the malicious conduct." Commonwealth v. Deberry, 441 Mass. 211, 213 (2004). The pecuniary loss is an element of the felony and the jury must find beyond a reasonable doubt that the defendant caused damage to the victim's property in excess of $250. See id. at 224.
We agree with the defendant that even when viewed in the light most favorable to the Commonwealth, the evidence at trial was insufficient to establish that the damage to the defendant's doors exceeded $250. The Commonwealth did present the jury with evidence that the front door had to be replaced and that this cost $180. The Commonwealth also introduced photographs of both damaged doors. However, with nothing more, we cannot conclude that application of common sense by the jury can bridge the evidentiary gap. See Commonwealth v. Muckle, 59 Mass. App. Ct. 631, 643 (2003). Where, as here, the jury convicted the defendant of the felony offense of malicious destruction of property but there was insufficient evidence that the value of the property destroyed was over $250, the verdict still supports all the elements of the lesser included offense of misdemeanor malicious destruction of property beyond a reasonable doubt. Thus, the judgment as to malicious destruction of property over $250 is reversed, that verdict is set aside, and the matter is remanded for entry of a judgment against the defendant on the lesser included offense of malicious destruction of property $250 or under.[4] See Deberry, supra.
c. Witness intimidation. As relevant here, intimidation of a witness requires proof that a defendant, directly or indirectly, willfully intimidated or harassed another person who was a witness at any stage of a criminal investigation. G. L. c. 268, § 13B(1)(c )(i). "Intimidation requires 'putting a person in fear for the purpose of influencing his or her conduct.' " Commonwealth v. Ruano, 87 Mass. App. Ct. 98, 100 (2015), quoting from Commonwealth v. McCreary, 45 Mass. App. Ct. 797, 799 (1998). "[A]n 'action does not need to be overtly threatening to fall within the meaning of intimidation.' " Ruano, supra at 101, quoting from Commonwealth v. Cohen (No. 1), 456 Mass. 94, 124 (2010).
The defendant argues that the evidence showing he took the victim's cell phone from her person fails to satisfy the elements of intimidation of a witness.[5] Specifically, the defendant argues that the Commonwealth failed to prove that he formed the necessary intent to interfere with the victim's communication with the police because the victim testified to having already contacted the police before he allegedly attacked her. See Commonwealth v. Morse, 468 Mass. 360, 372 (2014). However, viewing the evidence in the light most favorable to the Commonwealth, the defendant did not know that the victim already called the police when he took her cell phone immediately prior to fleeing. Rather, a reasonable juror could have found beyond a reasonable doubt that the defendant did violently attack the victim, took the victim's cell phone with the intent of preventing her from calling the police, and then fled.[6] Thus, we agree with the Commonwealth that this conduct could reasonably be construed as an attempt by the defendant to hinder the victim's effort to "furnish[ ] information to a criminal investigator relating to a crime." Commonwealth v. Belle Isle, 44 Mass. App. Ct. 226, 228 (1998). Therefore, the motion for a required finding of not guilty was properly denied as to this count.
2. Closing argument. We reject the defendant's argument that a substantial risk of a miscarriage of justice resulted from the prosecutor's suggestion in her closing argument that the victim had no motive to lie. We agree that a prosecutor may not tell the jury that the victim has no reason to lie. See Commonwealth v. Beaudry, 445 Mass. 577, 587 (2005). Here, however, the prosecutor asked whether the victim had any motive to lie. The Supreme Judicial Court has held that this formulation is proper at least where, as here, defense counsel has challenged the credibility of the victim in the defendant's closing argument. Commonwealth v. Polk, 462 Mass. 23, 39-40 (2012). Accord Commonwealth v. Rakes, 478 Mass. 22, 45 (2017) ; Commonwealth v. Fernandes, 478 Mass. 725, 743 (2018). Accordingly, even if there were any error, it did not rise to the level of a substantial risk of a miscarriage of justice. See Commonwealth v. Miller, 457 Mass. 69, 79 (2010).
Conclusion. For the reasons set out above, the judgment as to malicious destruction of property over $250 is reversed, that verdict is set aside, and the matter is remanded for entry of a judgment against the defendant on the lesser included offense of malicious destruction of property $250 or under. The remaining judgments are affirmed.
So ordered.
Reversed in part and remanded; affirmed in part.

The jury found the defendant not guilty of assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A(b ) ; three counts of assault with intent to commit murder, G. L. c. 265, § 15 ; and two counts of assault and battery causing serious bodily injury, G. L. c. 265, § 13A(b ). After the close of the Commonwealth's case, the judge allowed the defendant's motion for a required finding of not guilty as to one count each of breaking and entering in the daytime with the intent to commit a felony, G. L. c. 266, § 18, and larceny over $250, G. L. c. 266, § 30.

We disagree with the defendant's suggestion that the jury instructions on this point, to which there was no objection, were unclear. The judge instructed, in part, that the Commonwealth had to prove that the "the defendant entered the building belonging to another ... [and] that the defendant did so with intent to commit a felony in that building." The instructions tied the intent to the moment of entry.

As to the conviction of malicious destruction of property over $250, the judge sentenced the defendant to two and one-half months committed to the house of correction, which is the maximum permitted under the statute for the lesser included offense of malicious destruction of property $250 or under. We therefore do not remand the matter for resentencing. We note, however, that according to the record before this court, the lower court docket states that the defendant received a committed sentence of two and one-half years on the conviction of malicious destruction of property over $250.

The defendant also contends that there was a substantial risk that the defendant was convicted on the charge of intimidation of a witness for conduct for which he was not indicted. See Commonwealth v. Barbosa, 421 Mass. 547, 554 (1995). Here, the judge properly instructed the jury that the intimidation of a witness charge was solely for the defendant's conduct on February 21, 2013. Additionally, the closing arguments of both the prosecutor and defense counsel focused solely on the defendant's conduct on February 21, 2013, for this charge. Accordingly, we find no error.

Use of force without verbal communication to prevent a person from calling the police to report a crime may fall within the crime of witness intimidation. See Commonwealth v. Belle Isle, 44 Mass. App. Ct. 226, 228-230 (1998).